Argued and submitted March 3, affirmed July 8, 1981

DeLAY,
*Petitioner,*

*v.*

MARATHON LeTOURNEAU SALES
AND SERVICE COMPANY et al,
*Respondents.*

(No. A7811 18426, CA 15905, SC 27422)

630 P2d 836

Bernard Jolles, Portland, argued the cause for petitioner. With him on the briefs was Jolles, Sokol, Bernstein & Aitchison, P.C., Portland.

Paul R. Duden, Portland, argued the cause for respondents. With him on the brief was Tooze, Kerr, Marshall & Shenker, Portland.

Before Denecke, Chief Justice, and Tongue, Lent, Linde, Tanzer and Campbell, Justices.

DENECKE, C. J.

Tongue, J., did not participate in the decision in this matter.

## DENECKE, C. J.

The issue is whether a statute of ultimate repose is tolled by the plaintiff's insanity.

Plaintiff brought this action for injuries incurred when he fell from a log stacker manufactured and sold by the defendants. Plaintiff contends the stacker was defective. The trial court entered judgment for defendants after granting their motion for summary judgment on the ground that the statute of ultimate repose barred the plaintiff from maintaining this action. The Court of Appeals affirmed. 48 Or App 811, 617 P2d 11 (1980). We granted review and we affirm.

The stacker was manufactured and sold in 1968. The injuries and plaintiff's ensuing insanity were incurred in May 1977. Plaintiff commenced this action in November 1978, more than 10 years after the manufacture and sale of the stacker. The time limit in the statute of ultimate repose, for commencing an action, ORS 12.115(1), is "10 years from the date of the act or omission complained of." It is agreed that the "act or omission complained of" is the manufacture and sale of the stacker; therefore, this statute effectively bars plaintiff unless it is tolled by plaintiff's insanity.

Since its beginning, Oregon has had a statute of limitations providing that an action for personal injuries must be brought within two years after the cause of action accrued. For example, ch 1, § 8, General Laws of Oregon 1843-1872:

"Within two years:

"1. An action for libel, slander, assault, battery, or false imprisonment for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not herein especially enumerated;

"* * * * *."

In *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), we held that this two-year statute of limitations for personal injuries, as applied to a medical malpractice action, did not commence running until the patient discovered or should have discovered the malpractice. The legislature's response was to codify the rule of *Berry v. Branner, supra,* 245 Or 307, and to enact a statute of

ultimate repose for medical malpractice claims.[1] The original statute of ultimate repose for medical malpractice claims provided:

"Section 1. ORS 12.110 is amended to read:

"* * * * *.

"(4) An action to recover damages for injuries to the person where in the course of any medical, dental, surgical or other professional treatment or operation, any foreign substance other than flesh, blood or bone, is introduced and is negligently permitted to remain within the body of a living human person, causing harm, shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within seven years from the date of the treatment or operation upon which the action is based." (Subsequently the seven years was decreased to five years.)

The legislature also recognized that the rationale of *Berry v. Branner, supra,* 245 Or 307, extended to other kinds of claims and enacted § 2, ch 406 Oregon Laws 1967, which provided:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of." ORS 12.115(1).

Oregon has always had a statute suspending the running of the statutes of limitation for persons under certain disabilities, including insanity. Deady, General Laws of Oregon 1843-1872 § 17 (under a title, "Of the time of their commencement) provided:

"If a person entitled to bring an action mentioned in this title, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, be, at the time the cause of action accrued, either:

"* * * * *.

"2. Insane; or,

"* * * * *.

"The time of such disability shall not be a part of the time limited for the commencement of the action * * *."

---

[1] A statute of ultimate repose is a statute which provides "an overall maximum upper limit on the time within which a tort action could be brought, regardless of the date of delivery or of any other circumstances." *Josephs v. Burns & Bear, supra,* 260 Or at 498.

When the Oregon Revised Statutes were compiled, the codifiers changed the style and ORS 12.160 read:

> "If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050, 12.070 to 12.260 is:
>
> "* * * * *.
>
> "(2) Insane, or
>
> "* * * * *."

The medical malpractice statute of ultimate repose was made part (4) of ORS 12.110 and, therefore, was included in the sections referred to in the tolling statute. When the statute of repose for negligent injuries generally was inserted in Oregon Revised Statutes the codifiers accorded it a new number, ORS 12.115, and, therefore, it was also included in the several ORS sections referred to in the tolling statute.

The tolling statute was amended twice since the addition of 12.115, once in 1973 to lower the age of disability to 18 (Oregon Laws 1973, ch 837, § 4, p 2815) and in 1979 to add certain domestic relations proceedings to which the tolling statute applies (Or Laws 1979, ch 246, § 1, p 269). In the 1973 amendment the list of statutes included was not changed; in the 1979 change, additional statutes were included within the coverage of the tolling statute.

Read literally, the language of the two statutes, ORS 12.115 and ORS 12.160, conflicts. The latter provides that if "any person entitled to bring an action mentioned in * * * ORS 12.070 to 12.260 [which would include the action for negligent injury mentioned in ORS 12.115]" is insane, the limitation is tolled. Such language would seem to toll the limitation in this case. However, ORS 12.115(1) provides:

> "*In no event* shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of." (Emphasis added.)

ORS 12.115(1) seems to provide that regardless of any other statute or circumstance, an action cannot be commenced more than 10 years after the act or omission complained of, in this case the manufacture and sale of the

stacker. In our opinion it is more likely that the intent of the legislature was that an action could not be commenced more than 10 years after the act regardless of whether the person bringing the cause of action was insane during this period.

As we have pointed out, from the time of Deady's Laws there was a statute tolling the running of the statutes of limitation because of certain disabilities, including insanity. There were no statutes of ultimate repose until 1967. The medical malpractice statute of repose was codified as part of the general statute of limitations for personal injuries which placement caused it to be included in the sections referred to in the tolling statute. Legislative Counsel placed the statute of repose for negligent injuries generally in the chapter concerning Limitations of Actions and gave it the number ORS 12.115 which, therefore, included it in the sections referred to in the tolling statute. This history may indicate that the ultimate repose statutes were inadvertently included in the statutory sections referred to in the tolling statutes.

Such an explanation may not be conclusive but could explain the inclusion of the statute of ultimate repose in the tolling statute which otherwise would seem contradictory to the purpose and language of the statutes of ultimate repose statutes.

■ As we stated in *Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971), the intent of the legislature in enacting the statutes of ultimate repose was to supplement the applicable statute of limitations. Such a statute provides a time within which an action has to be brought and cannot be extended regardless of unfairness to the plaintiff. Failure to discover the defective work or practice until after the statute of ultimate repose had run would not toll the statute. We said in *Josephs v. Burns & Bear, supra:*

> "* * * We believe that this recognition resulted in the inclusion of ORS 12.115(1) in the same 1967 legislative enactment which contained the medical malpractice limitation, and that it was thus intended to provide an overall maximum upper limit on the time within which a tort action could be brought, regardless of the date of discovery or of any other circumstances." 260 Or at 498

"Plaintiffs also contend that ORS 12.115(1) is tolled during the time when plaintiffs could not have reasonably discovered the defects complained of. We believe that this contention is foreclosed by the obvious legislative response to *Berry* by the enacting of ORS 12.115(1) and 12.110(4), described previously. Also, the words, *'in no event* shall any action * * * be commenced more than 10 years * * *' (emphasis ours), used in ORS 12.115(1), indicate plainly that the limitation was to be effective regardless of circumstances." 260 Or at 500-501.

In *Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1975), which affirmed and broadened the holding in *Josephs,* we described our holding in *Josephs:*

"* * * We there held that the statute was intended by the legislature to be one of ultimate repose which could abolish a cause of action before it accrued. * * *."

There can be no question that the intent of the legislature in enacting the statute of ultimate repose for medical malpractice was to bar an action brought after the period of ultimate repose. Even if the injured party was not aware, until after the period of ultimate repose had expired, that the defendant's negligence caused the plaintiff injury or the injured party was insane or under some other disability, the statute of ultimate repose would not be tolled. Any doubt of such intent was removed in 1975.

In 1975 a wholesale revision of the laws relating to medical standards and malpractice was undertaken. To the ultimate repose statute above quoted was added the phrase: "However, notwithstanding the provisions of ORS 12.160 [the tolling for disability section], every such action shall be commenced within five years * * *." Or Laws 1975, ch 796, § 10d, p 2312.

The latter action makes clearer the intent of the medical malpractice statute of ultimate repose but further beclouds the intent of the statute of ultimate repose for negligent injuries. The question might be asked: If the legislature believed it necessary to add the "However, notwithstanding" language to the medical malpractice statute but did not add it to the statute of ultimate repose for negligent injuries, is that not an indication that they did not intend the ultimate repose statute to bar an action when the claimant suffered a disability? Although that

inference could be drawn, it is not the most reasonable one. The legislative history clearly shows that the legislators and lobbyists interested in the amendment of the statute were only concerned with the problems of medical malpractice (and to a much lesser extent, dental malpractice) and not the general negligent injury problem.

More important, we conclude that the language "However, notwithstanding, etc." was added, not to change the intent of the statute and exclude the application of the tolling statute, but to further clarify the intent of the statute of ultimate repose that the application of the tolling statute was excluded.

A conference committee added the "However, notwithstanding" language and we have found no legisative history indicating the reason for the addition. The medical malpractice repose statute did not contain the phrse, "In no event," that is contained in the negligent injury statute of repose. It is reasonable to believe that if the conference committee considered the negligent injury statute of repose they could have concluded that because of this "In no event" phrase, the negligent injury statute of repose needed no clarifying language. Whereas in the absence of such language in the medical malpractice statute of repose, clarifying language was necessary to clearly express the intent that it was truly a statute of ultimate repose and the tolling statute did not apply.

■ The legislative history clearly indicates that the legislature intended the medical malpractice statute to be a statute of ultimate repose. *Josephs v. Burns & Bear, supra,* 260 Or at 497, n 2. We are of the opinion that the most probable intent of the legislature was that the 10-year statute for negligent injury also was intended to be a statute of ultimate repose and the tolling statute was not applicable.

Affirmed.