Argued and submitted January 23, affirmed February 25, 1987

DAVIS,
*Appellant,*

*v.*

BLANCHARD,
*Respondent.*

(A8510-06175; CA A39361)

733 P2d 460

Victor Calzaretta, Portland, argued the cause and filed the brief for appellant.

Edward L. Sears, Portland, argued the cause for respondent. With him on the brief was Vergeer, Roehr & Sweek, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff commenced this negligence action on October 4, 1985, seeking to recover damages for permanent injuries sustained on May 4, 1973, when she was five years old. The sole issue on appeal is whether the trial court erred in ruling that the action is barred by ORS 12.115(1), the applicable statute of ultimate repose. It provides:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

Plaintiff contends that the limitation was tolled under ORS 12.155,[1] because defendant's insurer made advance payments to her without properly notifying her of the expiration date of the "applicable statute of limitations." We affirm.

In *DeLay v. Marathon LeTourneau Sales,* 291 Or 310, 630 P2d 836 (1981), the issue was whether the statute of ultimate repose was tolled by the plaintiff's insanity, under ORS 12.160, which provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.260 is:

"* * * * *

"(2)   Insane,* * *

"* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action * * *."

---

[1] ORS 12.155 provides:

"(1)  If the person who makes an advance payment referred to in ORS 18.520 or 18.530 gives to each person entitled to recover damages for the death, injury or destruction, not later than 30 days after the date the first of such advance payments was made, written notice of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations, then the making of any such advance payment does not suspend the running of such period of limitation. The notice required by this subsection shall be in such form as the Insurance Commissioner prescribes.

"(2)  If the notice required by subsection (1) of this section is not given, the time between the date the first advance payment was made and the date a notice is actually given of the date of expiration of the period of limitation for the commencement of an action for damages set by the applicable statute of limitations is not part of the period limited for commencement of the action by the statute of limitations."

The court noted that, read literally, the language of ORS 12.115(1) and ORS 12.160 conflict. It concluded, however, that the words "in no event" in ORS 12.115(1) indicate that the tolling statute is not applicable to the statute of ultimate repose.

The same reasoning applies here. The plain language of ORS 12.115(1) clearly indicates that it is to control regardless of the circumstances. Accordingly, we conclude that ORS 12.115(1) is not subject to ORS 12.155.

Affirmed.