Argued and submitted July 14, 1988, the judgment of the circuit court affirmed, the decision of the Court of Appeals affirmed, but on different grounds than those stated by the Court of Appeals March 7, 1989

ELDRIDGE,
*Petitioner on Review,*

*v.*

EASTMORELAND GENERAL HOSPITAL et al,
*Defendants,*

*and*

LASZLO,
*Respondent on Review.*

(TC A8402-01027; CA A41654; SC S34896)

769 P2d 775

Deborah L. Le Meitour, Portland, argued the cause and filed the petition on behalf of the petitioner on review. With her on the petition was Charles Paulson, Portland.

Emil Berg, Portland, argued the cause and filed the response on behalf of the respondent on review. With him on the response was Hallmark, Keating and Abbott, Portland.

GILLETTE, J.

## GILLETTE, J.

This is an action for wrongful death. Plaintiff's decedent was born May 9, 1981, and died September 7, 1981. Plaintiff was appointed personal representative of decedent's estate on December 8, 1983. On February 17, 1984, plaintiff, as personal representative, filed the present wrongful death action, naming Eastmoreland Gynecological Clinic, Eastmoreland General Hospital, Anthony Cortese and David Mack as defendants. On April 3, 1984, plaintiff obtained documents indicating that decedent had not been properly intubated when she had difficulty breathing at birth. On February 28, 1986, plaintiff amended the complaint to name Theodore Laszlo, the doctor who had intubated decedent, and his colleague, Robert Butler, as defendants. The only other defendant remaining in the case at that time was Eastmoreland General Hospital.

Laszlo was served with process on March 21, 1986. He moved to dismiss on the ground that the pleading showed that the action had not been commenced within the time allowed by statute. ORCP 21A(9). The trial court granted the motion and entered judgment in favor of Laszlo pursuant to ORCP 67B. Plaintiff appealed.[1] The Court of Appeals affirmed. *Eldridge v. Eastmoreland General Hospital,* 88 Or App 547, 746 P2d 735 (1987). That court, with one judge dissenting, held that the limitation period in a wrongful death action commenced when the plaintiff discovered or should have discovered the harm was caused by defendant. However, the court further held that, in light of the fact that the complaint showed on its face that it had not been commenced against Laszlo until after the applicable statute of limitations had run, plaintiff had not alleged sufficient facts to excuse her failure to file her complaint timely. We hold that, no matter what plaintiff knew or should have known, the statute of limitations expired three years after the injury that caused decedent's death. The judgment of the circuit court and the decision of the Court of Appeals are affirmed.

Plaintiff argues that we should apply the so-called "discovery rule," which holds that a cause of action does not accrue until the plaintiff knows or should know that a tort was

---

[1] Only plaintiff's complaint against Laszlo is before us.

committed and that the defendant committed it. *See, e.g., Frohs v. Greene,* 253 Or 1, 452 P2d 564 (1969). Were we to do so, plaintiff argues, she would be able to show by evidence that she did not discover the actual cause of decedent's death until less than three years prior to her joining Laszlo as a defendant. Laszlo argues that the discovery rule does not apply to wrongful death actions.

The discovery rule arose under a different statutory scheme from that involved here. ORS 12.010 provides:

> "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute."

In both *Frohs v. Greene, supra;* and *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966), this court held that the discovery rule applies to medical malpractice cases in which the limitations period was set by ORS chapter 12.

■    *Frohs* and *Berry* do not help plaintiff because the present case does not involve a limitations period established by ORS chapter 12. Plaintiff's complaint is for wrongful death, and ORS 30.020 sets the limitations period for wrongful death cases. ORS 12.010 does not apply.

The pertinent statute, ORS 30.020(1), provides:

> "(1)   When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. *The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent.*"

(Emphasis added.) The phrase "after the occurrence of the injury causing the death of the decedent" in ORS 30.020(1) is far less susceptible to judicial interpretation than the phrase "after the cause of action shall have accrued" in ORS 12.010. An injury causing death may occur earlier but, by definition, can occur no later than the death itself. Decedent died on

September 7, 1981. Laszlo was not impleaded until February 28, 1986, more than three years after the injury that caused decedent's death. The action against Laszlo was not timely commenced.[2]

The legislative history of the provision confirms that the legislature intended that the limitations period start at the time of injury, not at some later time. The phrase "after the occurrence of the injury causing the death" was first adopted in 1967. Prior to 1967, the statute had provided for a limitations period of two years from the death of the decedent. That provision is traceable to section 367 of the Deady Code. The 1967 revision occurred when the legislature removed a dollar ceiling on wrongful death recovery. Senator Cook, at a Senate Judiciary Committee hearing on May 15, 1967, noted that a person could die one day short of the expiration of the three year period and that the right to an action would be lost the next day. Representative Carson, a sponsor of the bill who testified at the Senate committee hearing, agreed that such a result was arbitrary, but stated that the House Judiciary Committee was of the opinion that a date certain was needed and that three years was a reasonable choice.

It is true that this court has held that the discovery rule is applicable to another part of ORS ch 30, *viz.*, the Tort Claims Act, ORS 30.260 to 30.300. ORS 30.275(8) provides:

"(8) Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."

In *Dowers Farms v. Lake County,* 288 Or 669, 607 P2d 1361 (1980), and again in *Adams v. Oregon State Police,* 289 Or 233, 611 P2d 1153 (1980), this court applied the discovery rule to Tort Claims Act cases because, as we explained in *Adams,*

---

[2] The complaint contains a single claim for wrongful death. Plaintiff does not argue that it is a complaint for decedent's injuries which survived her death pursuant to ORS 30.075.

"[w]e [find] no reason to construe the Tort Claims Act narrowly and therefore [apply] the body of law previously developed by this court in *US Nat'l Bank v. Davies,* 274 Or 663, 548 P2d 966 (1976) and *Berry v. Branner, [supra]* * * *."

289 Or at 238. *Adams* and *Dowers Farms* thus were cases of statutory interpretation in which this court found no reason in statutory language to defeat the function and purpose of the discovery rule.

It may be argued that the phrase "within two years after the alleged loss or injury" in ORS 30.275(8) is similar to the phrase "after the injury causing the death" in ORS 30.020(1) and, therefore, the discovery rule should apply to cases under the second phrase if the rule applies to cases under the first. These two phrases, however, cannot be compared so readily. Here, unlike in *Adams* and *Dowers Farms,* the legislative history makes it clear that the legislature had an intent contrary to the discovery rule when it enacted ORS 30.020(1).

Plaintiff also argues that the limitations period should await the appointment of the personal representative, relying on *Banda v. Danner,* 87 Or App 69, 741 P2d 514 (1987) *aff'd by an equally divided court,* 307 Or 302 (1988). In the context of this statute, the appointment of the personal representative is not relevant to the determination whether the limitations period established by ORS 30.020 has expired. The only fact to be determined is whether the action was commenced against this defendant within three years of the injury causing decedent's death. Here, it was not.

The judgment of the circuit court is affirmed. The decision of the Court of Appeals is affirmed, but on different grounds than those stated by the Court of Appeals.