Argued and submitted December 11, 1989, reversed and remanded May 16,
reconsideration denied September 5, petition for review denied October 23, 1990
(310 Or 475)

BORDER,
*Appellant,*

*v.*

INDIAN HEAD INDUSTRIES, INC.,
aka MGM Brakes,
*Respondent.*

(16-88-00605; CA A60712)

792 P2d 111

Douglas G. Schaller, Eugene, argued the cause for
appellant. With him on the briefs were Arthur C. Johnson,

Patrick N. Rothwell, Portland, argued the cause for respondent. With him on the brief was Hallmark, Keating & Abbott, P.C., Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

**GRABER, P. J.**, pro tempore

Plaintiff appeals a judgment for defendant in this product liability action. The trial court granted defendant's motion for summary judgment on the ground that plaintiff's injury occurred after the expiration of the eight-year period of ultimate repose. ORS 30.905. We reverse.

Plaintiff was injured on February 5, 1986, while trying to remove mud and other debris from the brake casing on a truck that he drove for his employer. The brake's head assembly, which defendant had manufactured, exploded. Pieces of it hit plaintiff in the face. Defendant had manufactured the assembly and sold it to International Harvester (International), the manufacturer of the truck, in January, 1977. Plaintiff's employer had bought the truck new, signing a purchase order on March 11, 1978, and taking delivery on May 5.

Defendant argues that plaintiff's action was untimely under ORS 30.905:[1]

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section and ORS 30.907, a product liability civil action shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) Except as provided in ORS 30.907, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

Defendant's first argument is that the brake assembly was "first purchased for use or consumption" in 1977, when defendant sold it to International. If defendant is correct, ORS 30.905(1) bars plaintiff's claim, because he was injured more than eight years after that date. The question is whether the first purchase for use occurred when International bought the assembly to install in a truck or when plaintiff's employer bought the finished truck for use in his business. The answer is *not* clear from the statute alone.

In *Erickson Air-Crane Co. v. United Tech. Corp.*, 303 Or 281, 735 P2d 614, *on reconsideration* 303 Or 452, 736 P2d

---

[1] The Supreme Court recently rejected a constitutional challenge to ORS 30.905. *Sealey v. Hicks*, 309 Or 387, 788 P2d 435 (1990).

1023 (1987), the Supreme Court discussed the legislative history of ORS 30.905. Under ORS 12.115, which had previously established the period of repose for product liability actions, each defendant's liability depended on its own acts. Thus, the statute began running for a manufacturer from the date of manufacture and for a distributor or retailer from the date of its sale. The legislature considered that result undesirable and sought to fix a period that would begin to run at the same time for all potential defendants. It first considered using the date of manufacture but decided that that date presented too many problems. For example, it might be difficult to determine the date for some products, and some might remain in warehouses for years before being used. The legislature therefore decided to have the date run from the first purchase for use or consumption. 303 Or at 286-287. "Thus the approach was that, although the acts or omissions of parties in the stream of commerce occurred at different times *before* the first consumer purchase, the limitations period for each such party would begin at the same time." 303 Or at 287. (Emphasis in original.)[2]

Although International purchased the brake assembly for "use" in manufacturing the truck, that is not the sense in which ORS 30.905(1) uses the term. The purpose of the brake assembly was to stop a truck; it could not be used for *that* purpose until there was a truck that it could stop. Plaintiff's employer did not buy the brake assembly as a separate item; it bought a new truck, of which the brakes and many other components were parts. That was the first purchase in which the assembly could be used for braking. Under ORS 30.905(1), the liability of the manufacturer and the seller of the truck would be measured from that purchase. The legislature intended to establish a uniform period of ultimate repose to measure the liability of all entities involved in the manufacture and sale of the new truck. It is consistent with that purpose to measure the liability of the manufacturer of the entire truck and the manufacturers of each of the truck's components from the same date. That is how we construe ORS 30.905(1). Defendant was not entitled to summary judgment on that ground.

---

[2] In its brief, defendant cites other legislative history that, it suggests, might modify the Supreme Court's discussion. The short interchange in committee on which defendant relies is too inconclusive to be useful in determining the legislature's intent.

■ Defendant next argues that "plaintiff did not suffer a legal injury within eight years of the purchase of the truck by plaintiff's employer," although he suffered the physical injury within that time, and that plaintiff had to be "legally injured" within eight years to satisfy ORS 30.905(1). ORS 30.905 combines two different concepts, one in each of its subsections. *See Sealey v. Hicks, supra* n 1, 309 Or at 392, 394 n 7. ORS 30.905(1) is a statute of ultimate repose that bars a claim if it did not arise within the statutory period. It does not matter that the plaintiff acted promptly after the claim arose. A statute of ultimate repose does not penalize a plaintiff who delays too long in commencing the action; rather, it protects a purported tortfeasor from claims that accrue too long after the tortfeasor has acted. *See DeLay v. Marathon LeTourneau Sales,* 291 Or 310, 315, 630 P2d 836 (1981). ORS 30.905(1) measures the time after the expiration of which a claim is barred, not from the date of the plaintiff's injury, but from the date of the defendant's act. A plaintiff who is injured more than eight years after the first purchase of the product for use or consumption simply never has a claim. *See Pottratz v. Davis,* 588 F Supp 949, 952 (D Md 1984).

In contrast, ORS 30.905(2) requires the plaintiff to commence the action within two years after the injury. It is a statute of limitations, and it does not begin to run until the plaintiff is injured.

The combination of a statute of ultimate repose and a statute of limitations creates problems in interpreting ORS 30.905. In the first case in which we considered the relationships between its provisions, the plaintiff's injury had occurred less than eight years after she had purchased the product. She commenced the action more than eight years after the purchase, but less than two years after her injury. After examining the words of the statute and its legislative history, we held that the action was timely. The legislature, we determined, intended that a plaintiff who was injured within eight years after the first purchase would have two years from the date of injury to commence the action, even if she did so more than eight years after the first purchase. *Baird v. Electro Mart,* 47 Or App 565, 615 P2d 335 (1980); *see also Erickson Air-Crane Co. v. United Tech. Corp., supra,* 303 Or at 288.

In this case, plaintiff was injured within the eight-

year period of ORS 30.905(1) and commenced the action within two years after that injury. He thereby complied with ORS 30.905, as we construed it in *Baird v. Electro Mart, supra.* Defendant, relying on *Dortch v. A. H. Robins Co., Inc.,* 59 Or App 310, 650 P2d 1046 (1982), nevertheless asserts that plaintiff did not have a claim within the eight-year statutory period. According to defendant, plaintiff's claim could not accrue until he discovered who had manufactured the defective brake, because until then he did not know all of the elements of his claim for relief. Plaintiff did not learn of defendant's involvement until after the eight-year period had run. As a result, defendant argues, ORS 30.905(1) bars his claim.[3]

In *Dortch v. A. H. Robins Co., Inc., supra,* the plaintiff had received a Dalkon Shield intrauterine device in May, 1971. She developed a chronic uterine infection that caused scar tissue to build up in her left fallopian tube, culminating in an ectopic pregnancy that necessitated surgery and a tubal ligation in December, 1977. She alleged that she did not learn of the connection between the Dalkon Shield and her problems until May, 1980; she commenced the action in September, 1980. ORS 30.905 presented a problem for her claim. If her injury was the measuring event, her action was untimely under ORS 30.905(2), because she did not commence it within two years after the injury. If, on the other hand, her discovery that the Dalkon Shield was at fault was the measuring event, her action was untimely under ORS 30.905(1), because the discovery occurred more than eight years after her first use of the device. To avoid the dilemma, she argued, first, that her claim did not accrue until she discovered that the defendant's product had caused her injuries and, second, that ORS 30.905(1) and (2) provide a unitary ten-year period of ultimate repose and that she had commenced the action within that ten-year period. *Dortch v. A. H. Robins Co., Inc., supra,* 59 Or App at 313.

The defendant argued in response that, even if the discovery rule applies to ORS 30.905, the plaintiff's "injury"

---

[3] Under defendant's reasoning, had plaintiff been less seriously injured, and had he examined the brake assembly immediately after his injury, his claim would have accrued at the same time as the physical injury. However, also following defendant's logic, because plaintiff's physical injury was so severe that he could not have discovered who was then responsible, his claim did not accrue until the statutory period had expired. That would be an absurd result.

did not occur until she learned, more than eight years after she received it, that the Dalkon Shield was responsible and that, therefore, ORS 30.905(1) barred the claim. *Dortch v. A. H. Robins Co., Inc., supra,* 59 Or App at 313-314. We held that the discovery rule applies but that, under that rule, if the plaintiff did not discover the cause of her injury within eight years after the first use or purchase of the product, her claim was barred. In reaching our conclusion, we adhered to *Baird v. Electro Mart, supra,* and refused to treat ORS 30.905(1) and (2) as creating a unitary ten-year period of ultimate repose. 59 Or App at 315-321.

The foundation of our analysis in *Dortch v. A. H. Robins Co., Inc., supra,* was that the phrase "date on which the * * * injury * * * complained of occurs" in ORS 30.905(2) has a legal meaning that supersedes its common meaning. We cited a number of cases in which we or the Supreme Court had held that a claim does not accrue for the purpose of a limitation until the plaintiff has discovered the harm and the object, action, or person that caused it. 59 Or App at 317-318. We concluded that, "when used in construing a statute of limitations, the term 'injury' * * * means a physical injury which the plaintiff knows or as a reasonable person should know was caused by the defendant. That is when the legal injury occurs * * *; that is when the tort is committed * * *; that is when the cause of action accrues and when the statute of limitations commences to run." 59 Or App at 319. (Citations omitted.) We then quoted a portion of our opinion in *Baird v. Electro Mart, supra,* in which we stated that the "injury" must occur within eight years after the first purchase. We concluded that the term "injury" cannot mean different things in the context of the same statute and held that "a cause of action is not actionable until a physical injury occurs and until the defendant is recognized as the source of the harm. * * * *If no cause of action accrues within eight years, the undiscovered claim is lost.*" 59 Or App at 320. (Emphasis supplied.)

Defendant relies on that discussion in contending that plaintiff's claim is barred, because it was not legally complete within the eight-year period, even though plaintiff suffered the harm for which he seeks to recover during that time. We conclude that, although the result in *Dortch v. A. H. Robins Co., Inc., supra,* was correct, because the eight-year period in ORS 30.905(1) had expired, our reasoning was

wrong. We therefore overrule *Dortch* to the extent that it is based on that reasoning, because it would erroneously bar a claim for an injury that occurs within eight years after the date of first purchase by the user or consumer solely on the basis that the defendant's role in causing the injury is not known until after the eight years has passed, *even if* the plaintiff commences the action within two years after the actual injury.

The flaw was our failure to give full effect to the fundamental distinction between a statute of ultimate repose and a statute of limitations. ORS 30.905(1) sets an absolute period within which the plaintiff must be injured in order to have a claim at all. That period passes of its own force, and the plaintiff's knowledge or lack of knowledge can have nothing to do with it. The discovery rule *cannot* apply to a statute of ultimate repose, because there can be no extension of an absolute period. *See DeLay v. Marathon LeTourneau Sales, supra,* 291 Or at 314-315; *see also Eldridge v. Eastmoreland General Hospital,* 307 Or 500, 769 P2d 775 (1989). ORS 30.905(1) measures time from the first purchase by the user or consumer. It does not use the word "injury"; when we used "injury" in our discussion of that subsection in *Baird v. Electro Mart, supra,* we meant it in the sense of physical harm. There is no reason to give the concept any special, different meaning in ORS 30.905(1).

On the other hand, ORS 30.905(2) is a statute of limitations. It requires a plaintiff to commence an action within a certain time after the injury or be barred. It measures time from the injury, not from the first purchase. By itself, it sets no outer limit on when a plaintiff may bring the action. The purpose of the discovery rule is to relieve a plaintiff from a limitation when it is unreasonable to impose it because the plaintiff could not have known of the claim. We correctly held in *Dortch v. A. H. Robins Co., Inc., supra,* that the discovery rule applies to ORS 30.905(2).

In the context of this case, therefore, ORS 30.905 is a statute of ultimate repose that contains an exception in limited circumstances. ORS 30.905(1) requires that a product liability action be commenced within the eight-year period of ultimate repose, but in *Baird v. Electro Mart, supra,* we held, in effect, that ORS 30.905(2) provides an additional period of up

to two years for injuries suffered before the end of the eight years. *See Dortch v. A. H. Robins Co., Inc., supra,* 59 Or App at 320-321. In this case, plaintiff was physically injured before the eight-year period expired. He commenced this action within two years thereafter. There is no role for the discovery rule to play. The action was timely.

Reversed and remanded.