Argued and submitted June 2, 2000, reversed and remanded April 4, 2001

Dennis KAMBURY,
Personal Representative of the Estate of
Amy Beth Kambury,
*Appellant,*

*v.*

DAIMLERCHRYSLER CORPORATION,
a Delaware corporation;
and Northwest Jeep Eagle, Inc.,
an Oregon corporation,
*Respondents,*

*and*

DAIMLERCHRYSLER MOTORS CORPORATION;
Chrysler Corporation; Chrysler Motors Corporation
and DaimlerChrysler Ag,
*Defendants.*

(981208378; CA A107705)

21 P3d 1089

Robert K. Udziela argued the cause for appellant. With him on the briefs was Lawrence Baron, PC.

Peter R. Chamberlain and John H. Holmes argued the cause for respondents. On the brief were Roger K. Stroup and Bodyfelt Mount Stroup & Chamberlain.

Before Edmonds, Presiding Judge, and Armstrong* and Kistler, Judges.

KISTLER, J.

Edmonds, P. J., dissenting.

---

\* Armstrong, J., *vice* Warren, S. J.

**KISTLER, J.**

Plaintiff filed this wrongful death action on behalf of his wife's estate more than two years but less than three years after she died. Because her death was caused by an allegedly defective product, the trial court ruled that the two-year statute of limitations for product liability actions rather than the three-year statute of limitations for wrongful death actions applied. It accordingly granted defendants' summary judgment motions. We reverse and remand.

Amy Kambury died on December 6, 1995, after the airbag in her car deployed and struck her in the abdomen causing her to suffer irreversible blood loss. On December 1, 1998, plaintiff filed a wrongful death action against defendants alleging claims for product liability, negligence, and breach of warranty. Defendants moved for summary judgment, arguing that the two-year statute of limitations for product liability claims barred plaintiff's action. *See* ORS 30.905(2). Plaintiff responded that his action was timely because the three-year statute of limitations for wrongful death actions applied. *See* ORS 30.020(1). The trial court ruled that the two-year statute of limitations applied and granted defendants' summary judgment motions.

Plaintiff filed an amended complaint alleging claims for product liability, negligence, breach of warranty, negligent misrepresentation, and intentional misrepresentation.[1] Defendants again moved for summary judgment, arguing that the two-year statute of limitations applied because plaintiff's claims, regardless of how they were pled, were in effect product liability claims. The trial court agreed and held that plaintiff's action was "untimely under the two-year statute of limitations in ORS 30.905(2)." The court granted defendants' motions for summary judgment and entered judgment accordingly.

On appeal, the parties focus on the question whether the two-year product liability statute of limitations or the three-year wrongful death statute of limitations applies

---

[1] The trial court gave plaintiff leave to file an amended complaint when it granted defendants' motions for summary judgment.

when a defective product causes a person's death. Plaintiff argues that we have already held that the three-year statute for wrongful death actions applies and that we should adhere to our holding. Defendants disagree that our decision goes that far but invite us to reconsider which statute of limitations applies in light of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). In defendants' view, the plain language of the product liability statute makes clear that the two-year limitations period for defective products applies.

We begin with the question whether our cases resolve this issue. Three cases are relevant. The first, *Eldridge v. Eastmoreland General Hospital*, 307 Or 500, 769 P2d 775 (1989), was not a product liability case. Rather, *Eldridge* was a wrongful death action for medical malpractice. The question in *Eldridge* was whether the discovery rule applied to the three-year statute of limitations for wrongful death actions. *Id.* at 502-03. The court held that it did not. *Id.* at 504-05. The court explained that a wrongful death action must be brought within three years after the occurrence of the injury causing the death of the decedent regardless of when the cause of the injury is or should have been discovered. *Id.*[2]

One year after the court decided *Eldridge*, we decided *Korbut v. Eastman Kodak Co.*, 100 Or App 649, 787 P2d 896, *rev den* 310 Or 70 (1990). Our opinion in *Korbut* states, in its entirety:

"This is a wrongful death action based on defective product allegations. The death occurred in 1982. The action was brought in 1988. The trial court granted defendants a summary judgment on the basis of *Eldridge v. Eastmoreland General Hospital*, 307 Or 500, 769 P2d 775 (1989). We are bound by that decision."

[2] Before *Eldridge*, the wrongful death statute provided, in part: "The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent." ORS 30.020 (1989). After *Eldridge*, the legislature amended the wrongful death statute to make the limitations period subject to the discovery rule and also to add a statute of ultimate repose. *See* Or Laws 1991, ch 608, § 1.

*Id.* at 650. Our opinion in *Korbut* can be read in one of two ways. We could have concluded that the three-year statute of limitations for wrongful death actions applies when the decedent's death is caused by an allegedly defective product and that, under *Eldridge,* that statute of limitations was not subject to any discovery rule. That was the reasoning that the trial court employed in *Korbut,* and the defendant in *Korbut* urged us, as its initial line of defense, to adopt the same reasoning.[3] That is what we appear to have done. We first described the trial court's ruling and then stated that we were bound by *Eldridge.* We would, however, have been "bound" by *Eldridge* only if the holding in that case squarely controlled the outcome in *Korbut.*

Alternatively, we could have concluded, as the dissent reasons, that the plaintiff's action was untimely under either statute of limitations because neither the wrongful death statutes nor the products liability statute is subject to a discovery rule. We previously had held, however, that a person is not "injured" within the meaning of the products liability statute until he or she either discovers or reasonably should have discovered that the defendant's defective product caused his or her injury. *Dortch v. A. H. Robbins Co., Inc.,* 59 Or App 310, 319, 650 P2d 1046 (1982). We could not have applied the two-year products liability statute of limitations to the plaintiff's claim in *Korbut* and affirmed the trial court's judgment without overruling *Dortch* or limiting its reasoning to injuries that do not result in death.[4] Our reasoning in

---

[3] In its brief on appeal, the defendant in *Korbut* explained that the trial judge "rejected [the] plaintiff's argument that the wrongful death statute includes a discovery rule in product liability cases, * * * and she declined [the] plaintiff's invitation to apply ORS 30.905(2), the product liability statute of limitations * * *." (Citations to *Eldridge* and transcript omitted.) The defendant then summarized its argument:

"The court correctly granted the motion for summary judgment, for any of three different reasons. First, wrongful death actions, regardless of the theory upon which they are pursued, are subject to the three-year limitation period of ORS 30.020(1), a period which cannot be extended by operation of the so-called discovery rule. Second, even if ORS 30.905(2), the product liability statute of limitations, were applicable, it, like the wrongful death statute is not extended by operation of a discovery rule in death cases. Third, though the trial court specifically did not consider the issue, even if [the] plaintiff's claim were subject to ORS 30.905(2) and a discovery rule, that claim would still be time-barred as a matter of law."

[4] The defendant in *Korbut* brought *Dortch* to our attention and asked us to distinguish it. We note that, after we decided *Korbut,* we overruled *Dortch* in part but

*Korbut*, however briefly stated, does not suggest that we took that route. Although our opinion in *Korbut* can be read in one of two ways, we conclude that the former reading is the more plausible one: *Korbut* stands for the proposition that the three-year statute of limitations for wrongful death actions applies even when the death results from an allegedly defective product.

The issue of which statute of limitations applies has been squarely presented to the Oregon Supreme Court, albeit in somewhat of an unusual procedural posture. The federal district court certified that question to the court. *See Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 373, 811 P2d 627 (1991) (setting out the certified questions). The first certified question asked whether "the statute of limitations for wrongful death claims * * * or the statute of limitations for product liability actions * * * appl[ies] to a wrongful death claim based on the theory of product liability[.]" *Id.* The second certified question asked whether, if the two-year statute of limitations for product liability actions applied, that statute of limitations is subject to the discovery rule. *Id.*

■ The Supreme Court declined to accept certification because our opinion in *Korbut* answered the first question and mooted the second. *Western Helicopter*, 311 Or at 374. The court reasoned that our opinion in *Korbut* was "controlling precedent" on the first question.[5] *Id.* at 373-74. It recognized that there was "contrary precedent from the Ninth Circuit" holding that the two-year product liability statute of limitations applied to wrongful death actions based on defective product claims. *Id.* at 374.[6] The court explained, however, that, as between our and the Ninth Circuit's interpretation of Oregon law, our interpretation was controlling. *Id.* The court thus understood that our opinion in *Korbut*

---

reaffirmed it to the extent that it held that "the discovery rule applies to ORS 30.905(2)." *Border v. Indian Head Industries, Inc.*, 101 Or App 556, 563, 792 P2d 111, *rev den* 310 Or 475 (1990).

[5] Obviously, our decision in *Korbut* did not control the Supreme Court's resolution of this issue, but it is controlling precedent for the purposes of federal courts, state trial courts, and us.

[6] The Ninth Circuit had held that the two-year statute of limitations for product liability claims applied to wrongful death actions based on a defective product claim. *Thompson v. Communications Technology, Inc.*, 877 F2d 27, 28 (9th Cir 1989).

resolved the question whether the two- or the three-year stat-ute of limitations applied to wrongful death actions based on a product liability claim and that we had held that the three-year statute of limitations for wrongful death actions applies.

Were there any doubt about the court's understand-ing of *Korbut*, the court's answer to the second question resolves it. The court declined to accept certification of the second question—whether the discovery rule applies to the two-year statute of limitations for product liability actions—because there was no need to answer that question in light of its answer to the first question; that is, because the court found that, under our precedent, the three-year statute of limitations applied, there was no need to decide whether the two-year product liability statute of limitations did not start running until the plaintiff either knew or should have known that the defective product caused the death of the decedent. *Western Helicopter*, 311 Or at 374. After the Oregon Supreme Court declined to accept certification in *Western Helicopter*, the United States District Court applied the three-year stat-ute of limitations to the plaintiff's wrongful death action in the underlying federal case. *Western Helicopter Services v. Rogerson Aircraft*, 765 F Supp 1041, 1044 (D Or 1991).

■    Three propositions can be drawn from those cases. First, we have applied the three-year statute of limitations to wrongful death actions that are based on defective product claims. *Korbut*, 100 Or App at 650. Second, although the Supreme Court has not resolved whether the two- or three-year statute of limitations applies, it has recognized that we have done so and that our opinion in *Korbut* is "controlling precedent" on the issue. *Western Helicopter Services*, 311 Or at 374.[7] Finally, plaintiff reasonably could have understood from our decision in *Korbut* and the gloss that the Supreme Court placed on it in *Western Helicopter* that he had three years in which to file this wrongful death action. *See also Torts* § 31.7 (Oregon CLE 1992) (interpreting *Korbut* as

------

[7] According to the Supreme Court, our decision in *Korbut* has precedential value. It does not, however, become part of the statute as it would if the Supreme Court had interpreted these statutes. *See Hutcheson v. City of Keizer*, 169 Or App 510, 518 n 6, 8 P3d 1010 (2000) (when the Supreme Court interprets a statute, that interpretation becomes part of the statute as if written into it at the time of its enactment).

applying the three-year wrongful death statute of limitations when the death is caused by an allegedly defective product).

■■ Under *Korbut*, the trial court erred in applying the two-year statute of limitations. Defendants, however, invite us to reinterpret the relevant statutes in light of *PGE*. Although defendants do not frame the issue this way, they effectively ask us to overrule our decision in *Korbut*.[8] We do not overrule our decisions lightly. *See Mannix and Mannix*, 146 Or App 36, 42, 932 P2d 70, *rev den* 325 Or 491 (1997) (declining to overrule earlier statutory interpretation); *O'Brien v. State of Oregon*, 104 Or App 1, 5-6, 799 P2d 171 (1990), *rev dismissed* 312 Or 672 (1992) (same). The mere fact that another plausible interpretation of the statute exists does not provide a sufficient basis for overruling our decision. *Id*. Rather, we adhere to the rule of *stare decisis* "unless error is plainly shown to exist." *Multnomah County v. Sliker*, 10 Or 65, 66 (1881); *see also Newell v. Weston*, 156 Or App 371, 380, 965 P2d 1039 (1998), *rev den* 329 Or 318 (1999) (reaffirming that standard).

We accordingly turn to the question whether our decision in *Korbut* is "plainly wrong" under the principles announced in *PGE*. ORS 30.020 governs wrongful death actions. It provides:

"(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by some act or omission. The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered by the decedent, by the personal representative or by a person for whose benefit the action may be brought under this section if that person is not the wrongdoer. In no case may an action be commenced later than the earliest of:

"(a) Three years after the death of the decedent; or

---

[8] If *Korbut* is "controlling precedent," as the Supreme Court explained, we would have to overrule our decision in *Korbut* before we could say that the two-year product liability statute of limitations applies.

"(b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110 (4), 12.115, 12.135, 12.137 and 30.905."

ORS 30.020 provides both a limitations period within which a wrongful death action may be commenced and a period of ultimate repose beyond which no wrongful death action may be brought.[9] The limitations period is three years from the date that the injury causing the decedent's death is or reasonably should have been discovered. ORS 30.020(1). The period of ultimate repose is the earlier of (1) three years after the death of the decedent or (2) other statutes of repose that apply to the act or omission causing the injury "including * * * the statut[e] of ultimate repose provided for in * * * [ORS] 30.905," the statute governing product liability actions. ORS 30.020(1)(a) and (b).

The text of ORS 30.020 is unambiguous. It provides that "when the death of a person is caused by [a] wrongful act or omission," a wrongful death action "shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered." The statute does not differentiate among wrongful death actions depending on the cause of the decedent's death. Rather, it applies uniformly to all actions without regard to the nature of the "wrongful act or omission" that caused the death.

■ In establishing the period of ultimate repose for wrongful death actions, ORS 30.020(1)(b) makes the statute of ultimate repose set out in ORS 30.905 applicable to a wrongful death action based on a defective product. ORS 30.020(1) does not, however, refer to the two-year statute of limitations also set out in ORS 30.905 and make that two-year statute of limitations applicable to the time in which a wrongful death action based on a defective product may be brought. See PGE, 317 Or at 611 ("use of a term in one section and not in another section of the same statute indicates a

---

[9] As noted above, the statute was amended in 1991. See Or Laws 1991, ch 608, § 1. As amended, the statute now contains both a limitations period subject to a discovery rule and a period of ultimate repose.

purposeful omission"). That distinction confirms what the text of ORS 30.020 says: A plaintiff has three years after the injury causing the death is or reasonably should have been discovered to bring a wrongful death action based on a product liability claim.

ORS 30.905(2) is also unambiguous. It governs products liability actions and provides:

> "Except as provided in ORS 30.907 and 30.908(1) to (4), a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

The plain language of that statute gives plaintiffs two years from the date of a death caused by a defective product to bring a product liability civil action.

Both ORS 30.020(1) and ORS 30.905(2) apply to wrongful death actions based on a defective product claim. Each imposes a different time limitation. Neither contains an ambiguity that would justify examining the legislative history to resolve the conflict. *See Dept. of Human Resources v. Trost*, 160 Or App 656, 662 n 5, 983 P2d 549 (1999) ("The fact that two statutes appear to conflict does not amount to an ambiguity that would allow the court to rely on legislative history."). We cannot construe the statutes in a way that gives complete effect to both of them, *see Trost*, 160 Or App at 662 n 5, and are thus left with general rules of construction to attempt to resolve the impasse, *see State v. Guzek*, 322 Or 245, 268, 906 P2d 272 (1995).

The court has explained that "when one statute deals with a subject in general terms and another deals with the same subject in a more minute and definite way," the specific statute controls over the general if the two statutes cannot be read together. *Guzek*, 322 Or at 268; *see* ORS 174.020. In this case, either statute can be described as more or less specific depending on whether one focuses on the nature of the injury or the nature of the conduct. The wrongful death statute is more specific than the product liability statute in that it provides an action for only one type of injury (the death of a tort victim) but less specific in that a wrongful

death action is available for all "wrongful act[s] or omission[s]" that cause a person's death. *See* ORS 30.020. Conversely, the product liability statute is more specific than the wrongful death statute in that it applies to only one type of wrongful conduct (manufacturing and distributing defective products) but less specific in that it applies to all injuries resulting from that conduct. Asking whether one statute is more specific than the other does not yield a clear answer in this case.

In a related vein, the legislature's use of the word "death" in ORS 30.905(2) could be said to indicate its intent to carve an exception out of the otherwise uniform three-year statute of limitations for wrongful death actions set out in ORS 30.020(1). Conversely, the legislature's cross-reference to the statute of ultimate repose for product liability actions in ORS 30.020(1)(b) and the absence of any cross-reference to the products liability statute in setting out the three-year limitations period in ORS 30.020(1) could be said to demonstrate a contrary intent. Each statute contains a verbal clue that points in a different direction.

The courts have also concluded that, if two statutes cannot be read together, the later enacted statute will supersede the first. *See In re Fadeley*, 310 Or 548, 560, 802 P2d 31 (1990) (applying that principle to constitutional amendments). At first blush, that inquiry tends to favor applying the two-year product liability statute of limitations. The product liability statute was enacted in 1977 long after the wrongful death statute was enacted. *See* Or Laws 1977, ch 843. As noted above, however, the wrongful death statute was amended in 1991 to provide for a separate limitations period and a period of ultimate repose. In doing so, the legislature stated that the period of ultimate repose would be defined in part by the period set out in ORS 30.905 but did not similarly limit the three-year statute of limitations for wrongful death actions. Thus, the last legislative act on the issue cuts in favor of saying that the three-year limitations period applies.

Neither rule of construction provides a clear answer to the question which statute of limitations applies, and we are left in large part where we started. Either statute may

plausibly be applied. Neither statute may be applied without ignoring the text of the other. If we were writing on a clean slate, we would have to decide which of these two alternatives is more plausible. Our opinion in *Korbut* is, however, as the Supreme Court has explained, "controlling precedent" on this issue, and the question before us is not which alternative is more plausible. *See Mannix*, 146 Or App at 42; *O'Brien*, 104 Or App at 5-6. Rather, the question is whether our resolution of this issue in *Korbut* is so plainly wrong that we should overrule that decision. *See Newell*, 156 Or App at 380. We cannot say with confidence that it is; applying the principles set out in *PGE* to these two statutes does not yield a clear or certain answer.

In reaching that conclusion, we note that one of the central purposes of the doctrine of *stare decisis* is to give certainty to the administration of justice. *See Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 53, 11 P3d 228 (2000); *Newell*, 156 Or App at 384 (Edmonds, J., dissenting). That consideration applies with special force to decisions interpreting the applicable statute of limitations; lawyers and litigants should be able to rely on our decisions establishing the length of time in which an action may be filed. We should not overrule those decisions unless compelling reasons require it. Those reasons do not exist here. Not only is our decision in *Korbut* not plainly wrong, but the legislature is free to change the applicable rule if we have misunderstood its intent. *Cf. Stranahan*, 331 Or at 53 (distinguishing the application of *stare decisis* in statutory and constitutional cases.) We accordingly adhere to our decision in *Korbut*, reverse the trial court's judgment, and remand for further proceedings.

Reversed and remanded.

**EDMONDS, P. J.,** dissenting.

The majority holds that the three-year statute of limitations under ORS 30.020(1) applies to plaintiff's products liability claim under the holding in *Korbut v. Eastman Kodak Co.*, 100 Or App 649, 787 P2d 896, *rev den* 310 Or 70 (1990). The majority misunderstands our holding in *Korbut*. Even if that is not the case, the legislature has changed ORS

30.020(1) since *Korbut* was decided so that, when the statutes are read together, it is apparent that the two-year limitations period of ORS 30.905(2) controls plaintiff's claim.

ORS 30.020(1) provides, in relevant part, that

"[w]hen the death of a person is caused by the wrongful act or commission of another, the personal representative of the decedent, * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered * * *. In no case may an action be commenced later than the earliest of:

"(a) Three years after the death of the decedent; or

"(b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to statutes of ultimate repose provided for in ORS 12.110(4), 12.115, 12.135, 12.137 and 30.905."

ORS 30.905(1) provides for an eight-year statute of ultimate repose. ORS 30.905(2) provides:

"Except as provided in ORS 30.907 and 30.908(1) to (4), a product liability civil action shall be commenced not later than two years after the date on which the *death*, injury or damage complained of occurs." (Emphasis added).

Plaintiff's decedent died on December 6, 1995. Plaintiff filed his wrongful death claim on December 1, 1998, more than two years after decedent died. His complaint alleges claims against the manufacturer and the seller of the vehicle in which she was riding at the time of her death. The claims assert that the airbag in the vehicle was defectively designed and caused her death. A "product liability civil action" includes an action based on a design or other defect in a product. ORS 30.900. Under the plain language of ORS 30.905(2), plaintiff's action is barred by the two-year statute of limitations.

The majority creates a conundrum for itself that does not exist. Ultimately, it holds that ORS 30.020(1) is controlling because it reasons that it "cannot construe the statutes in a way that gives complete effect to both, * * * and thus [is] left with general rules of construction to attempt to resolve the impasse." 173 Or App at 381. I disagree that such an impasse exists when the statutes are read together and effect is given to both. ORS 30.905(2) applies to products liability cases in which death occurs. ORS 30.020(1) applies to wrongful death actions in general. As evidenced by its language, ORS 30.020(1) presently incorporates a discovery rule[1] and a statute of ultimate repose. The statute starts running at the time that the injury causing the death is discovered.[2] Thus, by its terms, ORS 30.020(1) imposes a statute of limitations for *all* wrongful death claims. In contrast, ORS 30.905(2) applies to all products liability cases, including those in which death occurs, and it expressly imposes a two-year statute of limitations for those specific claims. The majority's interpretation reads the word "death" out of ORS 30.905(2). Because we are required in interpreting statutes to give meaning to all the terms used by the legislature, if possible, under ORS 174.010, the majority errs. Both statutes can be given meaning when the two-year limitation in ORS 30.095(2) is understood to create an exception to the general three-year statute of limitations in ORS 30.020(1).

The majority also bases its holding on its incorrect belief that the issue in this case is controlled by our holding in *Korbut* and the Supreme Court's adoption of that holding in *Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 373, 811 P2d 627 (1991). In *Korbut*, the plaintiff brought a products liability claim in 1988 based on the decedent's death in 1982, after discovering the alleged cause of the decedent's death earlier in 1988. Thus, the question was not whether the three-year limit under ORS 30.020 or the two-year limit under ORS 30.905(2) applied. The plaintiff's action was not

---

[1] A discovery rule embodies the concept that a cause of action does not accrue until the plaintiff knows or should know that a tort was committed that caused an injury to the plaintiff and that the defendant committed the tort.

[2] However, the action must be commenced within three years of the date of death, or the longest period provided by any other statute of repose provided by another statute, including the statute of repose in ORS 30.905(1).

timely under either statute, and it did not matter to the plaintiff's case which statute applied. The action would only have been timely if the time for filing the claim had been extended under a discovery doctrine by starting the limitations period in 1988. At the time, neither statute contained an express discovery provision.

We held in *Korbut* that the plaintiff's argument that the limitation period for his action should be extended by the discovery rule was controlled by the court's holding in *Eldridge v. Eastmoreland General Hospital*, 307 Or 500, 769 P2d 775 (1989).[3] In that case, which did not involve a products liability claim, the Supreme Court decided that the legislature did not intend that the discovery rule apply to wrongful death actions subject to ORS 30.020. By applying the rule of *Eldridge* in *Korbut*, we were doing nothing more than holding that no discovery rule was applicable to a claim brought under either ORS 30.020 or ORS 30.900 as they existed in 1990. Most importantly to this case, we did not decide in *Korbut* whether ORS 30.020(1) or ORS 30.905(2) applied to a products liability claim because that decision was not required; the plaintiff could not prevail under either statute of limitations without the benefit of a discovery rule.

*Western Helicopter Services* was decided by the Supreme Court on May 14, 1991. The existing discovery provisions were not added to ORS 30.020(1) by the legislature until later that year. Or Laws 1991, ch 608, § 1. The question certified to the court by the United States District Court in *Western Helicopter Services* was:

"1. Does the statute of limitations for wrongful death claims set forth in ORS 30.020(1) or the statute of limitations for product liability actions set forth in ORS 30.905

---

[3] The majority reasons that *Korbut* decided that the three-year statute of limitations in ORS 30.020(1) applies to a wrongful death claim based on a products defect liability theory because *the defendant* in *Korbut* relied, in part, on our holding in *Dortch v. A. H. Robbins., Inc.*, 59 Or App 310, 650 P2d 1046 (1982). Our opinion in *Korbut* does not mention *Dortch*, and for good reason; *Dortch* did not involve a wrongful death claim and therefore did not implicate any potential conflict between ORS 30.020(1) and ORS 30.905(2). Similarly, that issue was not before us in *Border v. Indian Head Industries, Inc.*, 101 Or App 556, 792 P2d 111 (1990), in which we held that the discovery rule cannot apply to a statute of ultimate repose.

apply to wrongful death claim based on the theory of product liability?"

Thus, the issue presented to the court in *Western Helicopter Services* is identical to the issue in this case, but dissimilar to the issue in *Korbut*.

Whether the above-described difference in issues was recognized by the certifying judge in *Western Helicopter Services* or the Supreme Court is subject to debate. In denying certification, the court said,

"We turn to the discretionary factors. The first applicable factor is our conclusion, contrary to that of the district court, that there is controlling precedent with respect to the first question—*Korbut v. Eastern Kodak Co., supra*. It is true that *Korbut* is an extremely brief decision from the Court of Appeals. It is also true that there is contrary precedent from the Ninth Circuit—precedent that the district court would normally follow. But the question is one of Oregon law, not federal law, the federal court's decision was the earlier of the two, and it is the Oregon court's decision—not that of the Ninth Circuit—that is binding for purposes of the certification law.[8] It follows from the foregoing that this court should not accept certification of the first question, unless some other discretionary factor dictates a contrary conclusion."[4] 311 Or at 373-74.

---

[8]

"We recognize that the district court appears to be concerned about an inconsistency in decisions on this subject. However, our focus in searching for controlling precedent is narrower than the focus of the district court. The Oregon Court of Appeals decision in [*Korbut*] is 'controlling precedent' for the purposes of ORS 28.200 [the statute authorizing answers to questions of law certified by other courts] and our exercise of discretion under that statute."

It is unclear from the opinion in *Western Helicopter Services* whether the Supreme Court was telling the United States District Court that it should follow Oregon law rather

---

[4] The court did not say that *Korbut* was controlling precedent on the issue of whether ORS 30.905(2) controlled over ORS 30.020(1) for purposes of a products liability case.

than the federal cases interpreting Oregon law or whether the court was in fact affirming that *Korbut* was controlling precedent on the issue presented by the certified question. The majority feels compelled to follow the latter interpretation of *Western Helicopter Services*, which in turn leads to its holding that the three-year statute of limitations in ORS 30.020(1) governs plaintiff's products liability claim.[5] In my view, the discovery provision added to ORS 30.020 in 1991, after *Western Helicopter Services* was decided, makes clear the legislature's contrary intent. In particular, ORS 30.020(1)(b)'s reference to ORS 30.905(2) demonstrates that it had ORS 30.905 in mind when it amended ORS 30.020. That reference implies a specific intent to make the limitation on products liability claims a two-year period. The Supreme Court's prior interpretations of a statute are part of the context of a statute, but when the legislature subsequently acts, the Supreme Court's case law is not necessarily controlling precedent. *Fechtig v. City of Albany*, 150 Or App 10, 20, 946 P2d 280 (1997).[6] Even if *Korbut* was held by the Supreme Court to have decided what was not intended by this court, the law and the parties would be better served if we would forgo the application of the principle of *stare decisis* in this case and interpret the existing statutes in accordance with their plain language.[7] Under that construct, it is evident that ORS 30.905(2), the more specific statute, controls over the more general statute, ORS 30.020(1), when the present texts of the statutes are read together.

For these reasons, I dissent, and I would hold that the two-year statute of limitations bars plaintiff's claim.

---

[5] One concern underlying the majority's statutory interpretation appears to be that plaintiff has been misled into believing that his claim was governed by the three-year statute of limitations. If the majority is persuaded by plaintiff's argument in that regard, the appropriate disposition is to overrule *Korbut*, but to do so only prospectively, so that plaintiff's claim is not time-barred. Such reliance by plaintiff would not justify the perpetuation of an erroneous understanding of how the two statutes work together.

[6] In *Carlson v. Myers*, 327 Or 213, 959 P2d 31 (1998), the Supreme Court said:

"In the construction of amendatory acts, such as the one under consideration here, it is presumed that material changes in the language of the statute create material changes in meaning."

[7] Both *Korbut* and *Western Helicopter Services* were decided before *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1140 (1993).