Argued March 24, reversed June 13, reconsideration denied July 26, 1978

STATE ex rel JONES, *Respondent,*
*v.*
WORKMAN, *Appellant.*
(No. 247-F, CA 9110)

579 P2d 1302

David G. Cromwell, Grants Pass, argued the cause for appellant. With him on the brief was Kengla & Cromwell, Grants Pass.

Kathleen G. Dahlin, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton,* Tanzer and Buttler, Judges.

BUTTLER, J.

---

*Thornton, J., did not participate in this decision.

**BUTTLER, J.**

In this filiation proceeding under ORS 109.125 a jury determined that defendant was the father of a child born to plaintiff out of wedlock. Defendant was ordered to pay for the past and future support of the child. He appeals.

Defendant contends, and plaintiff seems to concede, that this court must review the record *de novo* even though the trial was to a jury, which rendered a unanimous jury verdict. Because that question has never been decided, and because its resolution is important in the review of filiation proceedings, we consider it in spite of plaintiff's concession. The contention is premised on ORS 109.135(1), which provides:

> "All filiation proceedings shall be commenced in the circuit court and shall for all purposes be deemed suits in equity but either party shall have the right to trial by jury on the issue of paternity."

Since appellate review of suits in equity is *de novo* (ORS 19.125(3)), and since filiation proceedings "shall for all purposes be deemed suits in equity," it must follow, the argument goes, that filiation proceedings are reviewed *de novo* on appeal. The syllogism would follow if the legislature had not obstructed its flow by providing that "either party shall have the right to trial by jury on the issue of paternity."

Our function is to construe the statute in such a way as to give effect to all portions of it, if such a construction is possible. *Blyth & Co., Inc. v. City of Portland,* 204 Or 153, 282 P2d 363 (1955). While there may be an apparent incongruity in the section, it is primarily because lawyers tend to consider proceedings in equity as involving a trial to the court as to both issues of law and of fact. *See* ORS 17.040.[1]

---

[1] ORS 17.040 provides:

"The provisions of ORS 17.005 to 17.030 and 17.050 shall apply to suits, except as otherwise provided in this section. Both issues of law

[ 779 ]

However, as the Supreme Court commented in *Sugarman v. Olsen,* 254 Or 385, 388, 459 P2d 545 (1969), "Equity and jury trials are not completely inimical." Under ORS 17.040, the court may impanel a jury to "inquire of any fact" in a traditional equity suit, but the effect of the jury's verdict is not entirely clear. In *Paul v. Mazzocco et al,* 221 Or 411, 351 P2d 709 (1960), the court held that the verdict was strictly advisory and could be accepted or rejected by the trial court, and that on appeal the record was tried *de novo.* The court cited *Mogul Transportation Co. v. Larison,* 181 Or 252, 181 P2d 139 (1947), as authority. That case, however, stated that while the verdict was not "conclusive upon us, nevertheless we cannot disregard such verdict or hold the facts to be to the contrary, unless * * * it is 'clearly against the evidence.' " 181 Or at 261.

Whatever may be the scope of review of a jury verdict rendered on an issue of fact in a traditional equity suit, we need not decide because the language contained in ORS 109.135(1) is different from that in ORS 17.040. If the legislature had intended that filiation proceedings be identical in every respect to a traditional suit in equity, there would have been no need to add the language, "but either party shall have the right to trial by jury on the issue of paternity." We construe that language to mean exactly what it says: if either party requests a jury to determine the question of paternity, the party so requesting a jury has the *right* thereto. It is not within the discretion of the court, as is the case under ORS 17.040, and the verdict is not advisory only, but has the same status as a verdict in an action at law; it will be sustained on appeal unless there is no substantial evidence to

and fact shall be tried by the court, unless referred as provided in ORS 45.050 or in subsection (2) of ORS 17.705. Whenever it becomes necessary or proper to inquire of any fact by the verdict of a jury, the court may direct a statement thereof, and that a jury be formed to inquire of the same. The statement shall be tried as an issue of fact in an action, and the verdict may be read as evidence, on the trial of the suit."

support it.[2] *Kraxberger v. Rogers,* 231 Or 440, 373 P2d 647 (1962). Or Const, Art VII, § 3.

■■ Such a construction does not do violence to the remaining language in ORS 109.135(1). If neither party requests a jury, the proceeding will be treated as a suit in equity, with *de novo* review on appeal. Further, regardless of whether there is a jury to determine paternity, the amount of support will be determined by the court, the court will retain jurisdiction, the amount of support will be subject to modification under appropriate circumstances as in a decree in equity, ORS 109.165, and the court will have contempt powers.

Accordingly, our scope of review in this proceeding is the same as that in reviewing a jury verdict in an action at law.

There is substantial evidence to support the following propositions: a child was born to plaintiff out of wedlock on August 26, 1975; the doctor in attendance had told plaintiff the baby was three weeks overdue; defendant had sexual intercourse with plaintiff on October 20, 1974; plaintiff had sexual intercourse with another man in November, 1974. On this evidence, plaintiff has not sustained her burden of proof that defendant is the father of the child. Assuming that the child was three weeks overdue when it was born August 26, 1975, the probable date of conception was during the first week of November, at least two weeks after October 20, 1974, when defendant had sexual intercourse with plaintiff. It would be pure speculation to conclude that defendant was the father.

The only testimony that might make such a conclusion less speculative arose out of the following exchange between plaintiff and her attorney during

---

[2] A reasonable argument might be made that if only one party requests a jury and loses, that party should be entitled to *de novo* review because he can waive the right granted by the statute. We do not so construe the statute because if the party requesting a jury prevails, the losing, nonrequesting party would not be entitled to *de novo* review. In the instant proceedings, the record does not disclose which party requested a jury.

defendant's cross-examination of her, after the latter's attorney had asked how she knew she had conceived, and she had trouble responding:[3]

"THE COURT: The jurors have a right to know, Mrs. Jones.

"THE WITNESS: I met one day the month and then I knew I was pregnant.

"THE COURT: Were the jurors able to hear that?

"MR. CROMWELL [defendant's attorney]: I wasn't, at least, your Honor. I don't know what she said.

"THE COURT: Would you repeat your answer, Mrs. Jones.

"THE WITNESS: I say—I am unable to—

"MR. THOMPSON [plaintiff's attorney]: I think she is saying that she didn't come up with her period the following month.

"THE COURT: Is that what you said?

"THE WITNESS: Yes.

"THE COURT: What month was that?

"THE WITNESS: The month after October, not October, the—

"THE COURT: What month was it, Mrs. Jones, you didn't come up with your period, you said that to the jurors, didn't you?

"THE WITNESS: Yes.

"THE COURT: Tell them what month was it when you didn't come up with your period, if you can recall?

"THE WITNESS: I can't.

"THE COURT: Was it before or after October?

"THE WITNESS: After October.

"THE COURT: Was it the month after October?

"THE WITNESS: Yes."

There is no evidence with respect to plaintiff's normal menstrual cycle or history, nor is there any evidence regarding the possible or probable time limits of human gestation. Accordingly, the additional evidence related above does not reduce the speculative nature of the evidence as a whole.

---

[3]It is apparent from her testimony that plaintiff functions at a relatively low intellectual level such that it was necessary to ask her leading questions.

■ We hold that plaintiff did not sustain her burden of proof, and defendant's motion for a directed verdict should have been granted.

Reversed.