Argued and submitted June 10, affirmed July 3, petition for review denied September 3, 1996 (324 Or 176)

Kevin ODNEAL,
*Appellant,*

*v.*

Thomas ARLINT,
Claudia Arlint and Mitchell Sweat,
*Respondents,*

*and*

Rodney A. BARRETT,
J. M. Barrett, John Does 1-5
and Jane Does 1-5,
*Defendants.*

(16-94-07376; CA A88949)

919 P2d 508

Robert J. Smith argued the cause and filed the briefs for appellant.

John Kilcullen argued the cause for respondents. On the brief were Richard A. Roseta and Brown Roseta Long & McConville.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals a summary judgment entered in favor of defendants[1] in this personal injury action arising out of a diving accident that occurred on defendants' premises. We affirm.

■        Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 139 Or App 244, 248, 911 P2d 1243, *rev allowed* 323 Or 483 (1996).

The following facts are not disputed. Defendants own a parcel of real property through which the Mohawk River runs. The river bends at defendants' property, creating an area of water deep enough for swimming and diving. At the river's bank, however, the water is murky and shallow. A rope hangs from a tree overhanging the deep area of the river. Defendants placed "no trespassing" signs at several locations on their property, but they posted no warnings that diving into the river is hazardous. Defendant Sweat had been observed swimming in the river and diving from its banks. Plaintiff had gone swimming in the river at the bend on defendants' property on more than one occasion. He understood that defendants did not object. One afternoon, after taking several dives into the deeper portion of the river from the rope swing, he dived off the bank into the murky water, which was approximately one foot deep. Plaintiff struck his head and injured his neck and spine.

Plaintiff brought this action for personal injuries resulting from the dive. Defendants answered, alleging, among other things, that plaintiff's claim is barred by *former* ORS 105.665 and *former* ORS 105.675.[2] The first statute provides:

"Except as otherwise provided in ORS 105.675:

---

[1] We refer to defendants Thomas and Claudia Arlint and Mitchell Sweat. Other defendants in the action are not involved in this appeal.

[2] *Former* ORS 105.665 and *former* ORS 105.675 were repealed in 1995, after this lawsuit was initiated. Or Laws 1995, ch 456, § 9.

"(1) An owner of land owes no duty of care to keep the land safe for entry or use by others for any recreational purpose or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering thereon for any such purpose.

"(2) An owner of land who either directly or indirectly invites or permits any person to use the land for any recreational purpose without charge does not thereby:

"(a) Extend any assurance that the land is safe for any purpose;

"(b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed; or

"(c) Assume responsibility for or incur liability for any injury, death or loss to any person or property caused by an act or omission of that person."

The second statute provides, in relevant part:

"Nothing in ORS 105.655 to 105.680 limits in any way any liability of an owner of land:

"(1) For the willful, wanton and reckless failure of an owner of land to guard or warn against a known dangerous structure or other improvement or a known dangerous activity on the land[.]"

Defendants moved for summary judgment, arguing that plaintiff's claim is barred by the foregoing statutes. The trial court granted the motion.

On appeal, plaintiff assigns error to the trial court's decision to grant the summary judgment motion. He argues that the evidence is sufficient to raise a genuine issue of material fact as to whether defendants were reckless in failing to warn plaintiff of the dangers of diving off the river bank. Defendants argue that there is no such evidence and that, in any event, plaintiff's claim remains barred because the exception from immunity described in *former* ORS 105.675(1) applies only to a landowner's failure to warn of a "dangerous *structure* or other *improvement* or a known dangerous *activity*." (Emphasis supplied.) It is undisputed, defendants contend, that they built no dangerous structure or improvement at the river bend and that they conducted no dangerous activity on their property that injured plaintiff. To

the contrary, they argue, plaintiff's injuries resulted from his dive into a shallow portion of the river, which is a natural condition of their property. In reply, plaintiff concedes that defendants built no dangerous structure or improvement at the river bend. Nevertheless, he argues that defendants conducted a "dangerous activity" within the meaning of the statute. The exact nature of the "dangerous activity" of which plaintiff complains is not clear. In his brief, he argued that diving in the river from the bank constituted a "dangerous activity" and that the fact that defendant Sweat dived from the river bank effectively "lured" plaintiff into doing the same. Defendants respond that diving into the river is only dangerous because of its natural condition, not because of anything defendants did.

■ ■   To resolve the dispute, we must ascertain the intended meaning of the statute, examining the text in context and, if necessary, its legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). The text of the statute strongly suggests that a "dangerous activity" is a dangerous course of conduct in which a landowner engages and that it is not merely a natural condition of the land. The statute's context bears out the point. *Former* ORS 105.665(1) describes the general rule that an owner of land owes no duty to warn others of a "dangerous condition, use, structure or activity" on the land. Then, *former* ORS 105.675(1) states the exception that, notwithstanding the general rule that a landowner owes no duty to warn of a "dangerous condition, use, structure or activity," a landowner *does* face liability for willful, wanton and reckless failure to warn against a known "dangerous structure or other improvement or a known dangerous activity." The exception omits any reference to "conditions."

The point is further demonstrated by reference to an earlier version of the statute, ORS 105.675 (1971), which is part of the context of the statute. *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994). Originally, the statute recognized landowner liability for reckless failure to warn against a dangerous "condition, use, structure or activity on the land." In 1987, the language of the statute was changed to delete the

words "condition" and "use" and to add "or other improvements" and "a known dangerous" activity. Or Laws 1987, ch 708, § 4. The obvious import of the amendments is that liability no longer is imposed for failure to warn of a natural condition of an owner's land; liability is imposed only for a failure to warn of a dangerous "structure," a dangerous "improvement" or a dangerous "activity."

Any doubts as to the intended scope of *former* ORS 105.675(1) with respect to natural conditions on land are eliminated by reference to the statute's legislative history. House Bill 3080 was introduced during the 1987 Legislative Session in direct response to a decision of the Oregon Supreme Court applying *former* ORS 105.665 and *former* ORS 105.675, holding a landowner liable for failing to warn of the dangers of swimming in a series of pools located on the defendant's property and fed by hot springs. Minutes, House Agriculture, Forestry and Natural Resources Committee, March 24, 1987, p 6; *Van Gordon v. PGE Co.*, 294 Or 761, 662 P2d 714 (1983). As we have noted, at that time, the statute allowed liability for failure to warn of "conditions" on an owner's land. Landowners complained that they should not be held liable for failing to warn of such natural conditions. A representative of the Oregon Forest Industries Council, for example, testified that

> "[i]t is far too easy, in our view, to make a case based on the premise that a landowner 'recklessly' failed to warn the public about a dangerous 'condition.' To avoid liability under this standard, it could be determined that landowners have a duty to post warning signs around all deep-water lakes or fast-running streams. For obvious and justifiable reasons, few landowners will be willing to do that. And their option, of course, is to put up gates and close their lands to the public.

> "On the other hand, if a landowner has erected a structure or conducted an activity on the land that he knows is potentially dangerous, he should not be permitted to escape liability for any resulting injury if he intentionally fails to warn the public of this potential danger. And HB 3080 would not grant him immunity from liability under such circumstances."

Minutes, House Agriculture, Forestry and Natural Resources Committee, March 24, 1987, p 7; Testimony, House Agriculture, Forestry and Natural Resources Committee, HB 3080, March 24, 1987, Ex B.

The legislature deleted the statute's reference to "conditions." The chair of the House committee in which the bill originated explained that the purpose of the changes was to encourage private landowners to open their lands to the public for recreational purposes:

> "The intention is that landowners who open their properties for public recreation or hunting or whatever should be generally held harmless from any misadventures that fall upon these people who essentially go at their own risk and require some protection for it."

Minutes, House Agriculture, Forestry and Natural Resources Committee, April 16, 1987, p 6. The chair further explained that, to effectuate that policy, the statute would be amended, among other things, to delete reference to failure to warn of "conditions" on the land and instead focus on "structures" or "activities" on the land:

> "The assumption is made that if people go out in the woods to recreate, the law is not going to make the landowner [liable] for them falling off a cliff or falling down a waterfall or otherwise injuring themselves because they haven't been warned a dangerous condition exists."

Minutes, House Agriculture, Forestry and Natural Resources Committee, March 24, 1987, p 6.

In deleting reference to failure to warn of "conditions" on the land, the legislature clearly intended to ensure that landowners are not liable for failing to warn of dangerous, naturally-occurring conditions on their lands. Furthermore, the history clearly shows that liability under *former* ORS 105.675(1) only extends to failure to warn of dangerous structures or improvements on the land or of dangerous activities that an owner conducts on his or her land that result in injury to the recreating public.

In this case, it is undisputed that plaintiff's injuries resulted from his dive into the shallow portion of the river located on defendants' property. He contends that defendants

should be held liable for failing to warn him that diving at that location was dangerous. The danger in diving at that location, however, was created by the natural condition of the stream, not from any activity conducted by defendants. *Former* ORS 105.675(1) does not extend liability for a landowner's failure to warn of a dangerous condition on his or her land.

Plaintiff insists that the relevant "activity" was defendant Sweat's own diving, which "lured" plaintiff into diving from the bank into the river. Plaintiff's argument, however, is inconsistent with his own assertion that defendants are liable, not for diving into the river themselves, but for failing to warn plaintiff of the dangers posed by the natural condition of the river. Moreover, it is undisputed that defendant Sweat's prior dives did not harm plaintiff in any way; plaintiff's injuries resulted from his own dive into the shallow portion of the river. Even assuming, for the sake of argument, that a defendant could face liability under the statute for "luring" someone into engaging in a dangerous activity on the defendant's land, there is no evidence in this case that defendant Sweat did so. There is only evidence that one of the defendants dived into the river on his own land, and that someone other than plaintiff saw him do so. That, under any reasonable reading of the facts, does not constitute "luring" plaintiff into diving in the river.

We conclude, therefore, that the trial court did not err in granting defendants' motion for summary judgment.

Affirmed.