Argued and submitted November 25, 1998, affirmed May 26, 1999

STATE OF OREGON,
DEPARTMENT OF HUMAN RESOURCES
and Support Enforcement Division,
*Appellants,*

*v.*

Robert L. TROST,
*Respondent,*

*and*

Norma L. NOGGLE,
*Obligee.*

(97DM0155; CA A100064)

983 P2d 549

Jas. Adams, Assistant Attorney General, argued the cause for appellants. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

David L. Carlson argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

Armstrong, J., dissenting.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## EDMONDS, P. J.

In this paternity proceeding, the Department of Human Resources and Support Enforcement Division of the State of Oregon (department) appeal from a judgment based on a jury verdict finding that respondent was not the father of the subject child. The department argues that the trial court erred by conducting a jury trial. We affirm.

In April 1996, the department initiated this proceeding by issuing a notice of proposed order and finding of responsibility to respondent stating that he was the father of the child. Respondent denied paternity and, pursuant to an administrative order, submitted to parentage testing for genetic markers. After the testing was completed, the department requested in March 1997 that the matter be set for trial. In April 1997, the trial court sent notices to the parties scheduling trial for August 27, 1997, with a "Twelve Person Jury." On August 13, 1997, the department filed its objection to a trial by jury, arguing that section 25 of House Bill 2324 (Oregon Laws 1997, chapter 746) had become effective on August 4, 1997, and that the effect of that bill was to take away respondent's right to a jury trial under ORS 109.135. On August 14, 1997, respondent filed a formal request for a jury trial. Trial began on August 27, 1997, with the trial court ruling that respondent was entitled to a jury trial. Thereafter, the jury returned a verdict finding that respondent was not the father of the subject child.

The department appeals, arguing that the trial court erred when it ruled that respondent was entitled to a jury trial. According to the department, the legislature intended that, in order to comply with federal law,[1] as of August 4, 1997, there would be no right to a jury trial in filiation proceedings and that the 1997 amendment to ORS 109.135(1) deleting the right to a jury in that statute was intended to apply to all cases pending at the time of the amendment. Respondent contends that he was entitled to a jury trial on

---

[1] The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 popularly known as the 1996 Welfare Reform Act requires that "State law must state that parties in a contested paternity action are not entitled to a jury trial." 1996 US Code Cong & Ad News, 2477, 2744.

the issue of paternity under the 1995 version of ORS 416.430, the statute under which the administrative determination of respondent's paternity was certified to the circuit court in April 1996 and that the amendment to ORS 109.135 does not apply to cases pending on August 27, 1997, that originate under ORS 416.430.

Before the 1997 amendment, ORS 109.135 provided, in pertinent part:

"(1) All filiation proceedings shall be commenced in the circuit court and shall for all purposes be deemed suits in equity, but either party shall have the right to trial by · jury on the issue of paternity. Unless otherwise specifically provided by statute, the proceedings shall be conducted pursuant to the Oregon Rules of Civil Procedure."

Also, before the 1997 amendments, ORS 109.155(1) and (2) provided that the court or "jury" should first determine paternity and, if it found paternity from the evidence, the court was to enter an appropriate judgment. In addition, ORS 416.430(4)(a) (1995) provided, in pertinent part, regarding the certification of paternity issues to the circuit court:

"The proceedings in court shall for all purposes be deemed suits in equity, but either party shall have the right to trial by jury on the issue of paternity. The provisions of ORS 109.145 to 109.230 apply to proceedings certified to the court by the administrator pursuant to this section."

After Oregon Laws 1997, chapter 746, section 25, amended ORS 109.135(1), it now provides:

"All filiation proceedings shall be commenced in the circuit court and shall for all purposes be deemed suits in equity. Unless otherwise specifically provided by statute, the proceedings shall be conducted pursuant to the Oregon Rules of Civil Procedure."

Chapter 746 also deleted references to a "jury" in ORS 109.155. The changes in ORS 109.135(1) and ORS 109.155 were subject to an emergency clause and became effective when the Governor signed House Bill 2324 on August 4, 1997. Or Laws 1997, ch 746, §§ 1, 152.

In addition, section 31 of chapter 746 amended ORS 416.430(4)(a) to delete the reference to the right to a jury

trial. The pertinent language of the amended statute provides:

> "The proceedings in court shall for all purposes be deemed suits in equity. The provisions of ORS 109.145 to ORS 109.230 and section 26 of this Act apply to proceedings certified to court by the administrator pursuant to this section."

Section 26 of chapter 746 deleted the references to a jury in ORS 109.155. Significantly, and in contrast to the amendments to ORS 109.135(1) and ORS 109.155, the changes to ORS 416.430 became operative on January 1, 1998, or after the trial in this matter. Or Laws 1997, ch 746, § 1(4).

The department does not contest that this case was certified to the circuit court by the administrator, thereby implicating the provisions of ORS 416.430(3). At the time of trial, August 27, 1997, ORS 416.430(3) authorized the right to a jury trial in a filiation proceeding initiated by the administrator. Nonetheless, the department argues: (1) respondent requested a jury trial under ORS 109.135, and, therefore, that statute as amended on August 4, 1997, should govern the trial held on August 27; and (2) there is an ambiguity in ORS 416.430(3), as amended, that is created by the cross-reference to ORS 109.155 and that ambiguity should be resolved by examining the legislative history underlying the 1997 amendments. According to the department, the only conclusion that can be drawn from the history is that a "glitch" occurred when the bill failed to make the amendments to ORS 416.430(3) subject to the emergency clause.[2]

 It is correct that the formal request for a jury trial by respondent filed on August 14 cited "ORS 109.135, and common law," as authority. By that time, the court had already set the matter for a jury trial, and the department had filed its objection based on chapter 746. The department argues that because our case law[3] contemplates a request for a jury

---

[2] Article IV, section 28, of the Oregon Constitution, provides that:

"No act shall take effect, until ninety days from the end of the session at which the same shall have been passed, except in case of emergency; which emergency shall be declared in the preamble, or in the body of the law."

[3] In *State ex rel Jones v. Workman*, 34 Or App 777, 780, 579 P2d 1302, *rev den* 284 Or 521 (1978), we construed ORS 109.135(1) to mean that "if either party

trial before the right is exercised and that a waiver of a jury trial can be implied from a party's conduct, it follows that, but for respondent's erroneous reliance on ORS 109.135, he would have waived his right to a jury trial under ORS 416.430(3) (1995). "Waiver * * * is the intentional relinquishment of a known right. It must be manifested in some unequivocal manner." *Waterway Terminals v. P.S. Lord*, 242 Or 1, 26, 406 P2d 556 (1965) (citations omitted). Although we can find no express reference in respondent's memorandum opposing the department's objection based on the entitlement to a jury trial under ORS 416.430(3) (1995), it is clear that respondent continued to insist on a jury trial despite the state's position.[4] As it turns out, the statute gave him that right at the time that the trial occurred. Under the circumstances, we discern no intent on his part to waive his right to a jury trial.

■ The department's final argument is predicated on the position that ORS 416.430(3) as it existed at the time of the trial was ambiguous because of the cross-reference in the statute to ORS 109.155. ORS 109.155 was affected by the emergency clause. According to the department, it follows that the reference to ORS 109.155 in ORS 416.430(3) (1995) means that the legislature could also have intended ORS 416.430(3) (1995) to be subject to the emergency clause. Our task is to ascertain the legislature's intention by examining the text and the context of the statutes including their prior enacted versions. *State v. Webb,* 324 Or 380, 389-90, 927 P2d 79 (1996). ORS 174.010 provides more guidance:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted; or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

---

requests a jury to determine the question of paternity, the party so requesting a jury has the *right* thereto."

[4] In the trial court, respondent argued in his memorandum opposing the department's effort to change the trial from a jury trial to a court trial, in part:

> "no legislative intent is present on the face of the legislation that would indicate a retroactive application of the legislation is appropriate. Absent such clear intention, the presumption is that the legislation should not be applied to pending cases."

If the legislature's intent is clear from the text and context of the statutes, our inquiry will go no further.

We fail to perceive any ambiguity in the text or context of ORS 416.430(4)(a) as it existed on August 27, 1997. ORS 416.430(4)(a) (1995) expressly provided that "either party shall have the right to trial by jury on the issue of paternity on that date." The legislature had expressly not acted to make the change in ORS 416.430(4)(a) effective at the same time as the other changes to ORS chapter 109. It is evident that it could have made the amendment to ORS 416.430(4)(a) (1995) refer expressly to ORS 109.135(1) and subject to the emergency clause, but it expressly did not do so. Nothing in amended ORS 109.155 *prohibits* a jury trial. Its remaining provisions merely direct the determination of paternity and the appropriate judgment. The amendments merely removed all references to a jury trial from ORS 109.135 and ORS 109.155. To find the purported ambiguity relied on by the department, we would have to ignore the language of ORS 416.430(4)(a) (1995) and imply from the deletion of the word "jury" in ORS 109.155 that the legislature intended to negate what it expressly had provided for in the preceding sentence of ORS 416.430(4)(a) (1995). We would also have to ignore the express language of the emergency clause. Even if the omission from the emergency clause was inadvertent, that is not the kind of mistake that ORS 174.010 authorizes us to ignore when the legislature has clearly expressed itself to the contrary. *See Armstrong v. Asten-Hill Co.*, 90 Or App 200, 203, 752 P2d 312 (1988).[5]

---

[5] The dissent resorts to legislative history without a determination that there is an ambiguity. The fact that two statutes appear to conflict does not amount to an ambiguity that would allow the court to rely on legislative history. *See J.R. Simplot Co. v. Dept. of Rev.*, 321 Or 253, 262, 897 P2d 316 (1995) (holding that the court does not examine legislative history when the "statute's text and context are not subject to more than one plausible reading"). Further, the dissent's analysis is inconsistent with ORS 174.010 and ORS 174.020. When a conflict between two statutes exists, ORS 174.010 requires the court to adopt a construction that will give effect to *both* and ORS 174.020 provides that a particular provision shall control over a general, inconsistent provision.

Between August 4, 1997, and January 1, 1998, ORS 416.430(4)(a) provided a specific and unambiguous right to a jury trial. In contrast, the reference in ORS 416.430(4)(a) making ORS 109.145 to ORS 109.230 applicable to paternity proceedings certified to the court by the administrator is a general provision that incorporates numerous procedural and substantive statutory provisions. To the extent

Moreover, ORS 416.430(4)(a) is a statute that applies only to paternity cases certified to the court by the administrator. On the other hand, ORS 109.135 and ORS 109.155 apply to all filiation proceedings, including those filed by the administrator. We are required by ORS 174.010 to give effect, if possible, to all the particulars of a statutory scheme. If we were to adopt the department's position, we would be writing the legislature's express language out of ORS 416.430(4)(a) (1995). It may be incongruous to think that the legislature intended for jury trials to occur from August 4 to December 31, 1997, only in paternity cases certified by the administrator, but that is what the legislature said. To hold otherwise would be to violate the tenets of ORS 174.010.

Affirmed.

**ARMSTRONG, J.,** dissenting.

The majority concludes that ORS 416.430(4)(a) gave respondent the right to have a jury decide whether he is the father of a child. The majority errs in reaching that conclusion because, correctly interpreted, ORS 416.430(4)(a) did not give him that right. Hence, the proper disposition of the appeal is to reverse the judgment that the trial court entered on the jury verdict and to remand for entry of a judgment that embodies the trial court's finding that respondent is the father of the child.[1]

The Oregon Legislature enacted House Bill 2324 in 1997 to effect a sweeping overhaul of Oregon's child support programs. *See* Or Laws 1997, ch 746. The principal purpose of the overhaul was to bring Oregon law into compliance with the requirements of a 1996 federal welfare reform act.

---

that ORS 416.430(4)(a) (1995) is inconsistent with the legislature's intent to have the court, rather than a jury, determine paternity under actions governed by ORS 109.155, the particular provision that gives respondent a right to a jury trial controls the outcome in this case.

[1] Respondent has not asked us to undertake a *de novo* review of the decision that the trial court said that it would make on paternity if the issue were its to decide. Hence, I believe that the proper disposition of the appeal is to direct the trial court to enter a judgment that implements its paternity decision. We need not now decide whether respondent can get *de novo* review of that decision after it has been entered.

Among its provisions, the federal act required states to eliminate jury trials in paternity proceedings as a condition of their receipt of federal welfare funds.[2] House Bill 2324 did that by amending a number of statutes that gave parties the right to a jury trial in paternity proceedings or that implemented that right. ORS 416.430(4)(a) is one of the statutes that House Bill 2324 amended. The relevant amendment to that statute deleted the phrase that "either party shall have the right to trial by jury on the issue of paternity."

Significantly, the 1996 federal welfare reform act imposed a time limit on states to implement the requirement that they eliminate jury trials in paternity proceedings. That limit required states to make the necessary changes in their laws effective

"in no event later than the 1st day of the 1st calendar quarter beginning after the close of the 1st regular session of the State legislature that begins after the date of enactment of [the federal welfare reform act]."[3]

Given the timing of the relevant events, that meant that the changes to Oregon's laws had to take effect by September 1, 1997.

The legislature sought to comply with that requirement by including an emergency clause in House Bill 2324 that made provisions addressed to jury trials in paternity cases take effect when the bill became law on August 4, 1997. Unfortunately, through what can only be viewed as an oversight, the section that amended ORS 416.430(4)(a) to delete the reference to the right to a jury trial was not made effective on that date. All of the other provisions that addressed that issue were.[4]

---

[2] *See* 42 USCA §§ 609(8), 654(20), 666(a)(5)(I) (Supp 1998). Congress amended 42 USCA § 609(8) in 1997 to change the method of assessing penalties imposed on a state for failing to meet federal child support enforcement requirements. That change does not affect my analysis.

[3] Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub L No 104-193, § 395, 110 Stat 2105, 2259.

[4] The oversight is understandable in light of the size and complexity of the bill. The bill has 152 sections that cover 74 pages in the bound volumes of the 1997 session laws. Various provisions were made effective at various times, and many provisions were adopted for limited time periods. *See* Or Laws 1997, ch 746, § 1. It is not surprising that a mistake could occur in specifying the timing of a particular provision.

According to the majority, the effect of that oversight was to preserve for respondent his statutory right to a jury trial when the parties tried this case on August 27, 1997. However, if the majority is correct, the effect of the oversight reaches farther than that. As noted above, the federal act required changes in Oregon statutes to remove a jury trial right in paternity cases to take effect by September 1, 1997. The majority's decision holds that the legislature failed to comply with that requirement. That failure could expose the state to a financial penalty as a consequence.[5]

Fortunately, the majority is mistaken in its conclusion that the legislature's drafting error preserved the right to a jury trial in paternity cases tried under ORS 416.430-(4)(a) after August 4, 1997. Between August 4, 1997, and January 1, 1998, ORS 416.430(4)(a) provided:

"The proceedings in court shall for all purposes be deemed suits in equity, but either party shall have the right to trial by jury on the issue of paternity. The provisions of ORS 109.145 to 109.230 apply to [the] proceedings * * *."

ORS 109.155 is one of the provisions that applies to such a proceeding. Before August 4, 1997, it provided:

"(1) The court *or the jury*, in a private hearing, shall first determine the issue of paternity. * * *

"(2) If the court *or jury* finds, from a preponderance of the evidence, that the petitioner or the respondent is the father of the child who has been, or who may be born out of wedlock, the court shall then proceed to a determination of the appropriate relief to be granted. * * *" (Emphasis added.)

However, House Bill 2324 amended ORS 109.155 to delete the italicized language that refers to the jury's role in the factfinding process, and it made that amendment take effect on August 4, 1997. Even without the principle that prior versions of statutes are part of the context that bears on their interpretation,[6] it should be apparent that ORS 109.155 specifies that courts, *not* juries, are to be the factfinders in paternity proceedings that are subject to it, which includes proceedings brought under ORS 416.430. However, between

---

[5] *See* 42 USCA §§ 609(8), 654(20), 666(a)(5)(I) (Supp 1998).

[6] *See, e.g., Krieger v. Just,* 319 Or 328, 336, 876 P2d 754 (1994); *Odneal v. Arlint,* 142 Or App 106, 110-11, 919 P2d 508, *rev den* 324 Or 176 (1996).

August 4, 1997, and January 1, 1998, ORS 416.430(4)(a) provided that the parties could require juries to be the factfinders in such cases.

The two provisions necessarily conflict, and there is no way to resolve the conflict textually. The majority disagrees. In its view, the 1997 amendments to ORS 109.155 merely removed the references to a jury trial in that statute but did not prohibit such a trial in a paternity proceeding. The majority is mistaken. By specifying in ORS 109.155 that the factfinder in a paternity proceeding under ORS 416.430 is the court and *not* a jury, the 1997 amendments to ORS 109.155 necessarily conflict with the provision in ORS 416.430(4)(a) that gives the parties a right to have a jury act as the factfinder. Consequently, our interpretive task is to determine which provision the legislature intended to control the factfinding process.[7] I have no doubt that the proper resolution of that issue is to conclude that the legislature intended ORS 109.155 to control. That is the only interpretation that avoids jeopardizing Oregon's right to receive its full share of federal welfare funds, and there is no doubt that the legislature intended to do that.

The majority challenges that conclusion on several grounds, none of which is well taken. It contends that I rely on legislative history to reach the conclusion that I do without first establishing an ambiguity in the statutes. In fact, I do not rely on legislative history to interpret the relevant statutes. I conclude that the legislature intended ORS 109.155 to take precedence over ORS 416.430(4)(a) based solely on the provisions in federal law that required Oregon to eliminate the right to a jury trial by September 1, 1997, in order to avoid jeopardizing Oregon's right to receive its full

---

[7] Given that understanding, we are required to make a choice. Either we must ignore the language in ORS 416.430(4)(a) that gives the parties the right to a jury trial on paternity, or we must insert back into ORS 109.155 the language that says that juries can be factfinders in paternity proceedings. That puts us in the rare position in which we must do something that ORS 174.010 otherwise directs us not to do: "to insert what has been omitted, or to omit what has been inserted." *See, e.g., State v. Webb*, 324 Or 380, 392-93, 927 P2d 79 (1996). The majority implicitly chooses not to omit what has been inserted in ORS 416.430(4)(a). However, in doing that, it inserts back into ORS 199.155 that which House Bill 2324 had omitted from it. It errs in making the choice that it does between those competing interpretive alternatives.

share of federal welfare funds. Federal law is part of the context of the Oregon statutes, *see Pamplin v. Victoria*, 319 Or 429, 433, 877 P2d 1196 (1994), so my reliance on federal law to reconcile the conflict between ORS 109.155 and ORS 416.430(4)(a) does not implicate any of the legislative history of House Bill 2324.

The majority also contends that my interpretation fails to give appropriate effect to ORS 174.010 and ORS 174.020. ORS 174.010 requires a court construing a statute to give effect to all of its provisions, if possible. It is not possible to do that in this case. Whether the majority wishes to recognize it or not, both its and my interpretation of ORS 416.430(4)(a) fail to give effect to one of its provisions.

ORS 174.020, in turn, directs a court to prefer a particular provision over a general one. The majority concludes that the grant of a right to a jury trial is a particular provision and the reference to the other provisions of Oregon law that govern the conduct of the proceedings is a general provision, so the former controls over the latter. I do not believe that it is possible to characterize one portion of the same subsection of ORS 416.430(4)(a) as more particular than the other. For this purpose, they stand on equal footing. Moreover, the stated preference in ORS 174.020 for a particular over a general provision functions as a tie breaker if the text of the statute, in context, provides no other way to resolve the conflict between two provisions. Consistent with the admonition in ORS 174.020 that, "[i]n the construction of a statute[,] the intention of the legislature is to be pursued if possible[,]" I believe that ORS 416.430(4)(a), when considered in context, can be construed to give effect to the legislature's intention without attempting to resort to the tie-breaking principle favoring a particular over a general provision, and that that construction denies defendant a right to a jury trial. The majority errs in concluding otherwise.[8]

---

[8] Respondent argued below and on appeal that the 1997 amendments to the paternity statutes that removed the right to a jury trial, even if effective on August 4, 1997, could not apply to the August 27, 1997, trial in this case, because that would give them a retroactive effect, and nothing in the legislation indicates that the legislature intended them to apply retroactively. Respondent is wrong. Applying the amendments to a trial that occurred *after* their adoption involves a prospective rather than a retroactive application of them.