Argued and submitted July 22, 2003, reversed and remanded in part with
instructions; otherwise affirmed July 8, 2004

In the Matter of
Blair Michele Norton,
a Minor Child.

Kathleen Dawn NORTON,
*Appellant,*

*v.*

Hugh Sanfield MACDONALD,
*Respondent.*

00-30380; A116721

93 P3d 804

Michael A. Neal argued the cause and filed the brief for appellant.

Mark Johnson argued the cause for respondent. With him on the brief was Bennett, Hartman, Morris & Kaplan, LLP.

Before Edmonds, Presiding Judge, and Schuman and Ortega,* Judges.

ORTEGA, J.

___

* Ortega, J., *vice* Kistler, J., resigned.

## ORTEGA, J.

In her appeal of a judgment of paternity, mother challenges the trial court's determinations that (a) she was not entitled to seek past child support in a filiation proceeding because she initiated her claims after child had turned 18, and (b) child was not otherwise entitled to support under ORS 107.108. Mother also challenges the award of attorney fees to father. We conclude that mother was entitled to initiate a filiation proceeding but we affirm the trial court's ruling regarding the award of past child support because mother's claim is barred by laches. We also conclude that the trial court's interpretation of ORS 107.108 was erroneous and that child's cumulative grade point average at the time of trial did not bar her from entitlement to support as a "child attending school." Accordingly, we reverse in part and remand.

We review the facts *de novo*. ORS 19.415(3) (2001);[1] *see State ex rel Jones v. Workman*, 34 Or App 777, 779, 579 P2d 1302 (1978). Mother initiated this filiation proceeding in July 2000 when child was 18 years old. Mother had informed father early in her pregnancy with child that he was to become a father, but he took no action to establish his paternity or participate in the birth process. When child was about 10 months old, father took child and mother to meet his parents, who accepted child as their granddaughter. Over the years, child and mother have visited father's family regularly, and father occasionally has been present. However,

---

[1] The legislature amended ORS 19.415(3) in 2003. Or Laws 2003, ch 576, § 88 ("Upon an appeal from a [*decree*] **judgment** in a **case that constituted a** suit in equity **under common law**, the Court of Appeals shall try the cause anew upon the record." (Additions in boldface; deletions italicized in brackets.)). We need not decide whether the 2003 amendments to ORS 19.415(3) affect our standard of review because those amendments apply only to the appeal of judgments that were entered on or after January 1, 2004. *See* Or Laws 2003, ch 576, § 90a ("The amendments to ORS * * * 19.415 * * * by sections 85 to 89 of this 2003 Act apply only to the appeal of judgments entered on or after the effective date of this Act. Any appeal of a judgment entered before the effective date of this 2003 Act shall continue to be governed by the law in effect on the day immediately preceding the effective date of this Act."). Based on the plain meaning of the text of Oregon Laws 2003, chapter 576, section 90a, we apply the 2001 version of ORS 19.415(3) in this case. *But see Kunze and Kunze*, 337 Or 122, 124-25, 92 P3d 100 (2004) (apparently citing the current version of ORS 19.415(3) in addressing a judgment that was entered before January 1, 2004).

before this proceeding, mother never sought to establish legal paternity or collect child support from father.

Child had a history of difficulty in school. She eventually dropped out of high school in her senior year (shortly after turning 18) and attempted to obtain her high school diploma at a community college beginning in the spring of 2000. She did not perform well, however, receiving primarily failing or incomplete grades over the course of three terms. After taking a term off, she enrolled again in the spring of 2001 and obtained a B average in two classes.

In the meantime, mother filed this action in July 2000 seeking to establish paternity, to obtain an award of past child support, and to obtain an award of future support for child as a "child attending school" as defined in ORS 107.108.[2] Father acknowledged paternity at trial but opposed an award of past child support, contending that, because child was not a minor at the time mother filed this action, mother was not a "mother of a child born out of wedlock" who may initiate filiation proceedings under ORS 109.125(1)(a) (1999). Alternatively, father contended that mother's claim for past child support was barred by laches. Father also contended that child was not entitled to support as a "child attending school" within the meaning of ORS 107.108 because she had not "maintain[ed] the equivalent of a C average or better" when she attended school as required by ORS 107.108(5)(a).[3] The trial court agreed with father that mother

___

[2] ORS 109.155(4), which governs this action, authorizes an award of support and maintenance in filiation proceedings during the child's minority or while the child is attending school:

"The court shall have the power to order either parent to pay such sum as it deems appropriate for the past and future support and maintenance of the child during its minority and while the child is attending school, as defined in ORS 107.108[.] * * * The provisions of ORS 107.108 apply to an order entered under this section for the support of a child attending school."

ORS 107.108(8) provides:

"As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years old or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of professional or technical training designed to fit the child for gainful employment. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute 'full-time' enrollment is not a 'child attending school.' "

[3] ORS 107.108(5)(a) provides:

"A child for whom support has been ordered under this section:

was not entitled to seek past child support and that child was not entitled to support as a child attending school.

■     We first address mother's contention that the trial court erred in concluding that she could not initiate a filiation proceeding to seek past child support under ORS 109.124 to 109.237. ORS 109.125(1) (1999), which governs these proceedings,[4] provides, in pertinent part:

"Any of the following may initiate proceedings under this section:

"(a)   A mother of a child born out of wedlock * * *;

"* * * * *

"(f)   The minor child by a guardian ad litem."

The statutory definition of "child born out of wedlock" includes a "child born to an unmarried woman." ORS 109.124(2). The initial question, then, is whether mother was entitled to initiate this filiation proceeding as a "mother of a child born out of wedlock" within the meaning of ORS 109.125(1)(a). Father contends, and the trial court held, that "child" in this context means a minor child and that, because child was no longer a minor when mother initiated these proceedings, mother could not initiate a filiation proceeding to seek past due child support. We disagree.

We interpret ORS 109.125(1)(a) using the familiar template of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under *PGE,* our "task is to discern the intent of the legislature." 317 Or at 310. At our first level of analysis, we begin with the statutory text and context, which includes analyzing the text of other relevant statutory provisions. If legislative intent is clear from the statutory text and context, we need not inquire further.

We note first that the phrase "mother of a child born out of wedlock" in ORS 109.125(1)(a) focuses on the relationship between mother and child rather than on the age of the child. The statute does not specify that the child must be a

---

"(a)  Must maintain the equivalent of a C average or better."

[4] All references to ORS 109.125 are to the 1999 version, the version in effect when mother filed her petition. Even though ORS 109.125 was amended in 2001 and 2003, those amendments do not affect our analysis. *See* Or Laws 2003, ch 73, § 56; Or Laws 2001, ch 334, § 6.

minor. Moreover, the statute itself demonstrates that the legislature knows how to restrict the availability of an action based on the child's age when it so intends. For example, under ORS 109.125(1)(f), filiation proceedings may be initiated by "the *minor* child by a guardian ad litem." (Emphasis added.) Although the legislature specified that initiation of filiation proceedings by a guardian *ad litem* is available only to a *minor* child in paragraph (f), it did not include a similar limitation to initiation of filiation proceedings by the child's mother in paragraph (a). *See Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 382, 8 P3d 200 (2000) (recognizing that the legislature's use of a term in one section of a statute but not in another section indicates a purposeful omission). In related statutes, the term "child" likewise has been found to connote a relationship, not an age. *See, e.g., Haxton and Haxton*, 299 Or 616, 630, 705 P2d 721 (1985) (interpreting the term "child" in ORS 109.010, which addresses the duty of support between parents and children, to connote relationship rather than age).

Additionally, a child who is over the age of 18 and has not already received court-ordered support and maintenance but who may be entitled to support as a "child attending school" has no means of initiating a support proceeding under the filiation statutes. Once paternity is established through a filiation proceeding, "[t]he court shall have the power to order either parent to pay such sum as it deems appropriate for the past and future support and maintenance of the child during its minority and while the child is attending school * * *." ORS 109.155(4). However, as we have recognized previously, "before a child is deemed a party under this statute, the court must have provided for 'support and maintenance of the child.' * * *." *Thomas and Thomas*, 70 Or App 317, 320, 689 P2d 348 (1984); *see* ORS 107.108(3) ("If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision."). Accordingly, a child whose paternity has not been legally established—including one over the age of 18 who is eligible for support as a "child attending school" under ORS 107.108(8)—cannot be a party to a proceeding seeking to establish paternity and the consequent entitlement to support. The only way such a child can obtain the support provided for under

the statute is if the child's mother—the "mother of a child born out of wedlock"—initiates a filiation proceeding under ORS 109.125(1).[5]

Nothing in the statute's plain language or in the statutory scheme suggests an intention to prevent an otherwise qualified child from receiving support while attending school simply because the child's mother chose not to seek such support while the child was still a minor. Indeed, support and maintenance for a child attending school is for the benefit of the child and is to be paid directly to the child. ORS 107.108(4).[6] Accordingly, we agree with mother that she could initiate this filiation action as a "mother of a child born out of wedlock" under ORS 109.125(1)(a). The trial court erred in concluding otherwise.

■ Nevertheless, although we hold that mother was eligible to initiate this action, we agree with father that mother's claim for past child support is barred by laches. In order to prevail on a defense of laches, father was required to demonstrate that (1) mother delayed in asserting her claim for an unreasonable period of time, (2) with full knowledge of all the relevant facts, (3) resulting in such substantial prejudice to father that it would be inequitable for the court to grant relief to mother. *See Mattson v. Commercial Credit Business Loans*, 301 Or 407, 419, 723 P2d 996 (1986). Although laches will not be "applied mechanically to every

---

[5] The other persons entitled to initiate filiation proceedings under ORS 109.125(1) are:

"(b) Any state agency, if furnishing support to the mother for the benefit of the child or if furnishing services or assistance of any kind because of the birth, or impending birth, of the child;

"(c) The duly appointed and acting guardian of the child, conservator of the child's estate or a guardian ad litem, if the guardian or conservator has the physical custody of the child or is providing support for the child;

"(d) The Division of Child Support of the Department of Justice;

"(e) A person claiming to be the father of a child born out of wedlock or of an unborn child who may be born out of wedlock[.]"

Practically speaking, none of those persons is likely to be in a position to initiate an action on behalf of a child over 18 who is entitled to support as a "child attending school."

[6] ORS 107.108(4) provides, in pertinent part, that "support [shall] be distributed to the child unless good cause is found for the distribution of the payment to be made in some other manner."

situation" where a party has acted with neglect, *McIver v. Norman,* 187 Or 516, 544, 213 P2d 144 (1949), under the circumstances here mother's delay in initiating a request for child support was unreasonable.

Although there is no analogous statute of limitation to provide guidance in determining whether an unreasonable period of time has passed, as we have noted in other cases,[7] the general statute of limitations is 10 years. ORS 12.140 ("An action for any cause not otherwise provided for shall be commenced within 10 years."). Mother waited over 18 years to ask for child support although she had knowledge of father's paternity of child and of father's whereabouts. Mother offers no explanation for why she waited over 18 years to ask for support. The first two elements of laches are therefore satisfied.

Father also demonstrated that he suffered prejudice from mother's delay, thereby satisfying the third element. Due to the lengthy passage of time, father and mother are now unable to obtain relevant financial information necessary for establishing appropriate levels of support. Additionally, if mother is allowed past child support, father could potentially be faced with paying an enormous judgment for 18 years of past child support, which would be significantly more burdensome than having paid a monthly child support obligation as child was growing up. Under those circumstances, we conclude that mother's claim for past child support is barred by laches.

■ Mother also maintains that the trial court erred when it denied support to child under ORS 107.108 as a "child attending school." ORS 107.108(5) provides, in part, that "[a] child for whom support has been ordered under this section" must, among other things, "maintain the equivalent of a C average or better." The trial court held that child was ineligible for such support because her cumulative grade

---

[7] *See, e.g., Hilterbrand v. Carter,* 175 Or App 335, 343-44, 27 P3d 1086 (2001); *Rise v. Steckel,* 59 Or App 675, 684, 652 P2d 364, *rev den,* 294 Or 212 (1982).

point average at the time of the hearing was not "the equivalent of a C average or better." Although mother acknowledges that, over the course of her schooling, child never maintained a "C" average or better until the spring term of 2001, she contends that the date from which the court measures child's grades is the day on which support could have been awarded—in this case, the day father admitted paternity, which was in July 2001.

Based on our review of the text and context of ORS 107.108, *PGE*, 317 Or at 610, we hold that child's cumulative grade point average at the time of the hearing did not affect her entitlement to an award of support under the statute's plain language. The requirements set out in ORS 107.108(5), including the requirement that the child "*must maintain* the equivalent of a C average or better" apply to a "child for whom support *has been ordered* under this section." (Emphasis added.) Thus, the grade point average requirement applies prospectively (the child "must maintain" a C average or better) once support "has been ordered." Accordingly, the trial court should have determined only whether child fit the criteria of a "child attending school" under ORS 107.108 and should have applied the grade average criterion only prospectively.

Father contends that that interpretation could lead to the "absurd" result of imposition of a support obligation that could be immediately terminated. However, such a result, far from being absurd, appears to be directly contemplated by the statute. ORS 107.108(6) provides, in part:

> "If the child fails to comply with any of the requirements imposed on the child by this section and upon written notice from the obligor, the distribution of the support directly to the child ceases and may not be reinstated unless the parent paying support elects to continue to pay the support, in spite of the child's failure to comply with the requirements of this section, and notifies the Department of Human Services of the election in writing."

Under that provision, then, should the child for whom support has been awarded fail to maintain a C average or fulfill any of the other statutory requirements, further support is solely by election of the parent.

Because the trial court incorrectly applied the grade point average requirement retrospectively to determine that child was not entitled to support, it did not address whether child otherwise met the definition of a "child attending school" under ORS 107.108(8). We remand for that determination as to the periods for which support is requested and for a determination of the amount of support that should be awarded, if any.[8]

In light of our disposition, the attorney fee award is reversed as well. *See* ORS 20.220. Accordingly, there is no need for us to address mother's other challenges to the attorney fee award.

Reversed and remanded with instructions to determine whether child is a "child attending school" and to award appropriate relief, if any; otherwise affirmed.

---

[8] Mother's complaint does not specify dates for which support is sought, although at the hearing she requested support for child as a "child attending school" beginning from the date that paternity was established in July 2001.